MARY J. KELLY, *Appellant*, V. ALEXANDER KELLY (THE
OLATHE STATE BANK, *Appellee*).

No. 18,254.

SYLLABUS BY THE COURT.

DIVORCE AND ALIMONY—*Provisional Injunction—Conserving the
Property—Abrogated by Final Decree.* A restraining order
granted in an action for divorce and alimony for the purpose
of conserving the property of the defendant until the plaintiff's
rights can be effectively secured and enforced is abrogated
by a final decree determining fully the rights of the parties
unless a provision for further restraint be inserted.

Appeal from Johnson district court. Opinion filed
June 7, 1913. Affirmed.

*R. B. Garnett*, of Kansas City, Mo., for the appellant.
*I. O. Pickering*, of Olathe, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Mary J. Kelly sued her husband, Alex-
ander Kelly, for a divorce and for alimony. At the
time the action was commenced the defendant was
about to conclude a sale of a tract of his land, a deed
for that purpose having been placed in escrow with
the Olathe State Bank. A restraining order was issued
prohibiting the defendant from disposing of his prop-
erty and the bank from delivering the deed. After-
wards the restraining order was modified to allow the
sale to be made and a portion of the price to be ap-
plied in payment of the defendant's debts, but a note
and mortgage taken in part payment for the land were
required to be placed in the bank and kept there until
further order of the court. The cause proceeded to
final judgment. The plaintiff was granted a divorce and
was given alimony as follows: A tract of real estate
which had previously been the property of the defend-
ant; all the household goods which had been used by the
family; $900 to the plaintiff for herself and $100 for

her attorneys, to be paid within thirty days. The judgment, which was rendered on November 1, 1911, contained the following provision:

"Said real estate, personal property and money herein decreed to plaintiff shall be in full of all alimony and in full of her interest or right in or to the property of the defendant, both real and personal."

After this judgment had been entered the bank delivered the note and mortgage to the defendant, who then departed from the jurisdiction of the court. On March 4, 1912, the plaintiff caused an execution to be issued on the judgment, which was returned unsatisfied. On May 7 the plaintiff moved the court for an order requiring the bank to show cause why it should not be held for contempt and to show cause why it should not make restitution for the loss of the securities it had surrendered to the defendant, the ground of the motion being that the restraining order was still in force. The bank responded to the citation, and after a hearing the relief prayed for was denied. The plaintiff appeals.

The restraining order was a provisional remedy whose sole purpose was to preserve the property of the defendant intact to meet the requirements of any judgment for alimony which might be awarded the plaintiff. That purpose was fully accomplished by the retention of the securities in the possession of the bank until the property demands of the plaintiff were fully adjusted, and when final judgment was rendered settling and determining her rights it abrogated the temporary order.

In the case of *Gardner v. Gardner,* 87 N. Y, 14, an injunction was granted in an action for divorce *a mensa et thoro* restraining the defendant from interfering with the plaintiff in her peaceful occupation of the house in which she resided until further order of the court. A final decree was rendered allowing the plaintiff alimony, but no provision was made securing to

Kelly v. Kelly.

her the right to the further possession of the premises and no reference was made to the injunction. It was held that the injunction was dissolved by the final judgment. In the case of *Sweeney v. Hanley,* 126 Fed. 97, involving a controversy respecting the title to mining property, it was held that a temporary injunction against the extraction of ore from the property ceased to be effective, without a formal order of dissolution, on the entry of a final decree in the cause. The same principle was recognized in the case of *Musgrave v. Staylor, Adm'r,* 36 Md. 123, in which the court said:

"The objection that the decree does not dissolve the injunction previously granted forbidding the appellant to dispose of or transfer the stall, is equally untenable. The purpose of the injunction was to prevent a transfer to a third party, or any disposition of the property which would defeat or embarrass the passage of a final decree under which the complainant's rights could be effectively secured and enforced. It served its whole office and purpose by being obeyed until final decree, and no order of dissolution was necessary to the validity and effectiveness of that decree, which disposed of the whole controversy by granting the relief prayed by the bill." (p. 128.)

In 10 Enc. Pl. & Pr., 1029, the rule is stated as follows:

"A preliminary injunction is abrogated by the final decree, and any restraint thereafter desired should be inserted in the final decree."

That the plaintiff had no sort of lien upon the note and mortgage after the judgment was rendered is manifest from the terms of the judgment itself. (*Scott v. Scott,* 80 Kan. 489, 103 Pac. 1005.)

The judgment of the district court is affirmed.