357 S.E.2d 216

**Louise Maloy HAMSTEAD**

v.

**Richard Elbert HAMSTEAD.**

**No. 16765.**

Supreme Court of Appeals of West Virginia.

Submitted Feb. 4, 1987.

Decided March 18, 1987.

Rehearing Denied June 3, 1987.

Robert A. Yahn, Wheeling, for appellant.

Mike Magro, Jr., Magro & Magro, Morgantown, for appellee.

NEELY, Justice:

We granted this appeal to flesh out the requirements of *W. Va. Code*, 48–2–33 [1984], which governs the disclosure of financial assets upon divorce. Because we find that the circuit court failed to require sufficient disclosure to insure the development of a proper record for appellate review, we reverse.

Louise Maloy Hamstead and Richard Elbert Hamstead were married in 1974. In 1984 Mrs. Hamstead filed for divorce asking for alimony and equitable distribution of property. In July, 1984, Mrs. Hamstead filed a "motion for disclosure of assets," and the court ordered Mr. Hamstead to disclose all of his assets pursuant to *W. Va. Code*, 48–2–33 [1984]. This order specifically required Mr. Hamstead to provide Mrs. Hamstead with copies of individual federal income tax returns for the years 1973 through 1983; federal partnership returns for the years 1973 through 1979; federal corporate tax returns for Hamstead & Hamstead, L.C. for the years 1980 through 1983; and, a copy of the financial statement of Hamstead & Hamstead, L.C. for the first six months of 1984.

In October, 1984, the court granted a divorce on the grounds of irreconcilable differences, ordered Mr. Hamstead to pay $1,200 per month alimony until the issue of equitable distribution of property was resolved, and again ordered Mr. Hamstead to furnish Mrs. Hamstead with financial information. On 10 January 1985, Mrs. Hamstead filed another motion to compel Mr. Hamstead to furnish her with a schedule of investment assets of Hamstead & Hamstead, L.C., and on 11 March 1985 the court again ordered Mr. Hamstead to provide Mrs. Hamstead with a detailed analysis of the investments of Hamstead & Hamstead, L.C., of which he was the sole stockholder. This information was not furnished, and on 8 May 1985, Mrs. Hamstead filed a motion for contempt. However, without ruling on the contempt motion, the court entered a final order on 22 May 1985 providing for the equitable distribution of marital property. It is from that order that Mrs. Hamstead now appeals.

I

Mrs. Hamstead's primary assignment of error is that the court below erred by not compelling Mr. Hamstead to furnish her with a list of all of his assets as required by *Code*, 48–2–33(a) [1984]. In paragraph 17 of the trial court's findings of fact the court says:

The records of assets owned by the defendant as a result of inheritance, as well as those items transferred to his law firm, Hamstead & Hamstead, L.C., have been examined and the Court is satisfied as to their inherited origin as claimed, and are, therefore, exempted from being classified as marital property.

Paragraph 18 of the same order provides:

The retirement plan of Hamstead & Hamstead, L.C., was established after the parties' last separation of February 26, 1984, and is likewise satisfied that the defendant at this time has no vested interest in the same.

Mrs. Hamstead maintains that Mr. Hamstead conveyed all the assets and liabilities of Hamstead & Hamstead, a legal partnership, to Hamstead & Hamstead, a legal corporation, in 1980 in exchange for capital stock having a par value of $5,000, all of which was issued to Mr. Hamstead. Thereafter, Mr. Hamstead conveyed bank stock and other securities, which he had inherited from his father, to Hamstead & Hamstead, L.C., in exchange for a promissory note representing the market value of the securities conveyed. Part of the note has been repaid, and the balance sheet of Hamstead & Hamstead, L.C., as of 30 June 1984, shows the balance due on that note to be $180,335.76. The corporation shows a net worth of $423,898.41, all of which, according to Mrs. Hamstead, except the $5,000 capital stock, is earned surplus.

Mrs. Hamstead points out that the corporate tax return of Hamstead & Hamstead for 1983 shows a $97,690.00 expense deduction for a retirement plan. Because Mr. Hamstead is the sole stockholder and the

largest wage earner of the corporation, he is also the largest beneficiary of that plan, and Mrs. Hamstead argues that part of his interest in the retirement plan is attributable to marital assets acquired during the course of the marriage that were retained in Hamstead & Hamstead in either its partnership or corporate form. Consequently, Mrs. Hamstead's position is that she is entitled to a part of Mr. Hamstead's accumulated interest in the retirement plan.

*W.Va.Code,* 48–2–33(a) [1984] provides:

In addition to any discovery ordered by the court pursuant to rule eighty-one of the Rules of Civil Procedure, the court may, or upon pleadings or motion or either party the court shall, require each party to furnish, on such standard forms as the court may require, full disclosure of all assets owned in full or in part by either party separately or by the parties jointly. Such disclosure may be made by each party individually or by the parties jointly. Assets required to be disclosed shall include, but shall not be limited to, real property, savings accounts, stocks and bonds, mortgages and notes, life insurance, interest in a partnership or corporation, tangible personal property, income from employment, future interests whether vested or nonvested, and any other financial interest or source. The court may also require each party to furnish, on the same standard form, information pertaining to all debts and liabilities of the parties. The form used shall contain a statement in conspicuous print that complete disclosure of assets and debts is required by law and deliberate failure to provide complete disclosure as ordered by the court constitutes false swearing. The court may on its own initiative and shall at the request of either party require the parties to furnish copies of all state and federal income tax returns filed by them for the past two years, and may require copies of such returns for prior years.

█ Although we are unable to reach the merits of Mrs. Hamstead's claim to the pension assets, we find that *Code,* 48–2–33(a) [1984] contemplates one spouse's disclosure of financial assets to the other spouse in a divorce proceeding. Mr. Hamstead maintains that *Code,* 48–2–33(a) [1984] is satisfied if the court alone inspects financial data. We disagree. In order for Mrs. Hamstead to receive a fair hearing on her claim to Mr. Hamstead's assets in his wholly-owned corporation it is necessary for Mrs. Hamstead and her counsel to have access to the relevant financial information. Without a hearing at which an opportunity is available for cross-examination concerning the source and amount of assets, the trial court's decision making process is too obscure for adequate appellate review.

Although *Code,* 48–2–33(a) [1984] provides that the court may take appropriate precautions to keep personal financial information of the parties confidential, that section does not imply that materials provided to the judge will not be available to the adverse party or that the party preparing such information cannot be cross-examined concerning it.

## II

█ Mrs. Hamstead also assigns error in the court's rulings that: certain jewelry and fur coats were marital property; stocks and an automobile given to her by Mr. Hamstead were marital property; furniture bought by her from proceeds of stocks given to her by Mr. Hamstead during the marriage were marital property; and jointly-owned real estate was marital property. In these regards, Mrs. Hamstead's position is that Mr. Hamstead conveyed gifts to her during the course of the marriage and, therefore, these gifts should not be considered "marital property" for purposes of equitable distribution.

In *Patterson v. Patterson,* 167 W.Va. 1, 277 S.E.2d 709 (1981) we said:

Transfers between related persons can be challenged not only by the persons involved, but by third-parties as well. The presumption concerning gift has its most forceful effect when a transfer is challenged by a third-party, particularly after the death of one of the related persons. The court cannot be blind to

the obvious fact that most married persons do not contemplate divorce throughout the entire course of a marriage, and that transfers of property between spouses is usually intended for the joint benefit of both. While we must retain the presumption of gift in order to avoid difficult third-party claims (since spouses usually do intend to confer the benefit of property on their other spouse in the event of their death), the presumption of gift is probably best rebutted in a suit between spouses by a clear showing of unjust enrichment. Most people do not intend unjustly to enrich the other man. The transfers by Mr. Hamstead to his wife during the marriage might survive claims by third-party creditors; however, our new law of equitable distribution is less concerned with who "owns" property at the time of divorce than it is with the property's origin. Under *W. Va. Code*, 48–2–1(e)(1) [1986], property and earnings acquired by either spouse during a marriage, except property specifically excluded by *Code*, 48–2–1(f) [1986], is "marital property" for purposes of equitable distribution at the time of divorce. The fact that the assets have been acquired by one spouse and "given" to the other does not alter the inclusion of these assets in the "marital property" pool. Consequently, we find no abuse of the trial court's discretion with regard to his rulings concerning the jewelry, coats, stocks, automobile, furniture, and real estate.

We do find, however, that the court erred by not allowing Mrs. Hamstead and her attorney to inspect all of Mr. Hamstead's financial disclosure statements, and on that issue alone the judgment of the Circuit Court of Monongalia County is reversed and the case is remanded for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, remanded with directions.