370 S.E.2d 739

**John Dent MYERS**

v.

**Patricia S. MYERS.**

No. 17615.

Supreme Court of Appeals of
West Virginia.

July 1, 1988.

Kenneth R. Miller, Fairmont, for appellee.

Ross Maruka, Fairmont, for appellant.

PER CURIAM:

Patricia S. Myers appeals from a final decree entered in a divorce proceeding by the Circuit Court of Marion County on January 21, 1987. She contends that the court erred in its equitable distribution of the marital property and in its awarding of alimony and child support. For the reasons set forth below, we reverse and remand the case for further proceedings.

Patricia S. Myers and John Dent Myers were married on December 22, 1962, and separated in July, 1985. On December 2, 1985, Mr. Myers instituted this action for divorce and an equitable distribution of the marital property, alleging irreconcilable differences and a period of living separate and apart which would continue for a year.

Mrs. Myers answered denying the alleged divorce grounds and filed a counterclaim alleging desertion and praying for alimony and separate maintenance, and child support. The counterclaim also sought exclusive use and occupancy of the marital home and furnishings, with Mr. Myers to make deed of trust payments and to pay taxes and insurance premiums for the marital residence. She also requested that he provide medical and hospitalization insurance coverage for her and the two

infant children of the parties, then thirteen and fifteen years old.

The court ordered Mr. Myers to make the house payments including taxes and insurance, to pay Mrs. Myers temporary alimony and child support, and granted her temporary custody of the infant children.

Each party filed a financial statement with the circuit court.[1] During a hearing on November 17, 1986, the parties presented evidence about their income, assets, and the value of the marital property. At the time of the separation, Mrs. Myers, a high-school graduate, was employed by RESA VII and earned a net monthly income of $730.50. Mr. Myers was employed as the superintendent of Marion County schools and earned a net monthly income of approximately $2,159.[2] He also had a sideline selling cookware. At the time of the hearing, the amount of income from the sales job was undetermined. The court stated that it would enter the divorce decree, but would rule on the equitable distribution when Mr. Myers submitted an Internal Revenue Service Form 1099 showing his full income.

The primary assets of the marriage were the marital home, equity value of $23,500, and Mr. Myers' State teachers' retirement fund, equity value of approximately $26,-000. There were also household goods, an investment fund with an equity value of $2,000, and another fund with an equity value of $3,000.

On January 21, 1987, the court entered a final order equitably distributing the property without waiting for the additional income information. The court granted Mrs. Myers custody of the infant children and awarded her the marital home, the household goods, one automobile, and her retirement fund. Mr. Myers was ordered to pay to Mrs. Myers $1,000 per month alimony and child support for four years, when the court would reevaluate the payment of alimony. He was also ordered to maintain medical and hospital insurance coverage for the infant children and to maintain the children as beneficiaries on his life insurance until the infant children reached majority. The court awarded Mr. Myers his State teachers' retirement fund, one automobile, and the investment funds. Mrs. Myers had to assume payment of the mortgage, taxes, and insurance on the marital home, while Mr. Myers had to pay all other indebtedness jointly incurred by the parties prior to their separation. The estimated value of the property was divided about equally between the parties.

Mrs. Myers first contends that the marital property was inequitably divided because the court did not require complete financial disclosure by Mr. Myers before rendering its decision. In *Hamstead v. Hamstead*, 178 W.Va. 23, 357 S.E.2d 216 (1987), we addressed this issue and held in Syllabus Point 1:

> "*W.Va.Code*, 48–2–33 [1984], requires a full disclosure of one spouse's financial assets to the other spouse at the time of divorce, and contemplates a meaningful hearing on the subject of equitable distribution of property at which the spouse submitting financial data may be cross-examined concerning the nature, origin and amount of assets."

Income from employment is an asset which must be disclosed.[3] Mr. Myers submitted a handwritten preliminary statement listing income and bonuses from his sales job. Before deductions for expenses, he earned in one month approximately $3,600. He testified that his monthly income varied and that in some months he might not have income from his second job. The parties and the court agreed to defer the equitable distribution of property issue for two months until Mr. Myers received an Internal Revenue Service form 1099. We

---

1. *See* W.Va.Code, 48–2–33(a) through (d) (1984).

2. At the time of the appeal, both parties maintained the same employment.

3. W.Va.Code, 48–2–33(a), states in pertinent part: "Assets required to be disclosed shall include, but shall not be limited to, real property, savings accounts, stocks and bonds, mortgages and notes, life insurance, interest in a partnership or corporation, tangible personal property, income from employment, future interests whether vested or nonvested, and any other financial interest or source."

**546**

believe the court erred by issuing its order before it received that documentation.

Mrs. Myers next contends that while there is an appearance of equitable distribution, she will be forced to sell at a sacrifice price the one major asset she received by the property distribution in order to meet her expenses. Under the court's order, Mrs. Myers assumes responsibility for the marital home mortgage, taxes, and insurance, a total monthly payment of $851.44. Her monthly living expenses, including these costs, exceed her total monthly income by $260. Mrs. Myers requests adjustments in the distribution of marital property,[4] alimony, and child support to remedy the financial deficit resulting from the court's order.

A court should first determine the amount of marital assets and the division thereof, then award alimony or child support. *Butcher v. Butcher,* 178 W.Va. 33, 357 S.E.2d 226, 234 (1987). W.Va.Code, 48–2–16 (1984), sets forth factors to consider when granting alimony or child support, including subsection (b)(5), which provides: "The distribution of marital property to be made under the terms of a separation agreement or by the court under the provisions of section 32 [subsection 48–2–32] of this article, insofar as the distribution affects or will affect the earnings of the parties and their ability to pay or their need to receive alimony, child support or separate maintenance." In this case, Mrs. Myers' obtained the marital residence through equitable distribution with the obligation to pay the mortgage, taxes, and insurance. This negatively affected her financial position and increased her need to receive alimony. It is not clear from the record whether the circuit court considered the distribution of marital property as a factor in awarding alimony and child support.

The court awarded Mrs. Myers the marital residence in the property division be-

cause she was granted custody of the parties' children. Under W.Va.Code, 48–2–15 (1986), a circuit court may order a party to continue making mortgage payments as alimony or child support. *Sandusky v. Sandusky,* 166 W.Va. 383, 271 S.E.2d 434 (1981); *Kinsey v. Kinsey,* 143 W.Va. 574, 103 S.E.2d 409 (1958). In the ordinary case, payments of alimony and child support are to be made from a party's income. *Sandusky v. Sandusky,* 166 W.Va. at 387, 271 S.E.2d at 438. "Consequently, an alimony and child support award must not be disproportionate to a party's ability to pay as disclosed by the evidence before the court." 166 W.Va. at 388, 271 S.E.2d at 438.

We, therefore, reverse, in part, the judgment of the Circuit Court of Marion County and remand the case for further proceedings on the equitable distribution, alimony, and child support issues and for such further proceedings as may be necessary.

Reversed, in part, and Remanded with Directions.

---

**4.** The court awarded Mr. Myers his retirement fund. We note that the court adopted a value of the retirement fund based upon Mr. Myers's contribution set at the date the parties separated. In *Butcher v. Butcher,* 178 W.Va. 33, 40, 357 S.E.2d 226, 234 (1987), we disapproved of pension valuation based only on an employee's contribution made during the marriage. The full value of that part of the pension accrued during

the marriage should be distributed. In *Cross v. Cross,* 178 W.Va. 563, 567–570, 363 S.E.2d 449, 453–456 (1987), we offered guidance in the selection of a method to divide vested nonmatured pension rights. In *Cross,* where the pension was also a State teachers' retirement fund, we approved the offset from other marital assets used in this case.