(758 P.2d 252)

No. 61,414

HELEN JEAN PIERCE, SCOTT PIERCE, and TIA M. PIERCE, *Appellees,*
v. VICKI PIERCE, *Appellant.*

Opinion filed July 22, 1988.

*Richard L. Reid,* of Kansas City, for appellant.

*Laurence M. Jarvis,* of Kansas City, for appellees.

Before RULON, P.J., GERNON, J., and C. FRED LORENTZ, District Judge, assigned.

GERNON, J.: The appellant, Vicki Pierce, appeals from the judgment of the trial court awarding proceeds from a life insurance policy of Marion Pierce's to the plaintiffs-appellees Scott and Tia Pierce.

Vicki Pierce is the second wife of Marion Pierce. Scott and Tia Pierce are his children by his first marriage.

The sole question on appeal is the interpretation of a part of a separation agreement entered into between Marion Pierce and his first wife, which provided in part:

"It is further agreed by MARION PIERCE that he will keep in full force and effect through his employer, the $120,000.00 life insurance policy on his life and keep the two (2) minor children as beneficiaries thereon."

The agreement was entered into in January of 1974 when the two children were six and eight years old, respectively. A divorce was granted in February of 1975 wherein the trial court found that the agreement containing the language concerning

the life insurance policy was valid and binding and ordered Marion Pierce to comply.

Marion Pierce subsequently married Vicki Pierce in 1977, and in 1980 changed the beneficiaries on his life insurance policy, designating Vicki as his sole beneficiary. Marion died in 1987.

The trial court concluded that Scott and Tia Pierce were entitled to the proceeds of the life insurance policy. We agree and affirm.

The issue is whether the words "minor children," used in the agreement and in this context, are words of identification or words of limitation. If they are words of identification, as the trial court held, then Tia and Scott Pierce are entitled to the proceeds. However, if they are words of limitation, and restrict the requirement that the children be named as beneficiaries only so long as they are minors, then the second wife, Vicki Pierce, should prevail.

The children are referred to only once in the agreement, in the clause in question, and are never identified by name at that time or any place else in the agreement.

We agree with the trial court that the agreement is not ambiguous and that the meaning of the words "minor children" is a matter of interpretation. There are no Kansas cases interpreting this language, but *Tippit v. Lahr*, 132 Ariz. 406, 646 P.2d 291 (Ariz. App. 1982), and *Travelers Insurance Company v. Lewis*, 531 P.2d 484 (Utah 1975), involve provisions analogous to the one in question and hold that, as a general rule, the words "minor children" are descriptive only and intend to identify the children by reference to their ages and not to grant benefits to them only during their minority.

We conclude that the proceeds of the life insurance policy belong to Scott and Tia Pierce whether they were minors or adults at the time of the death of Marion Pierce.

Affirmed.