387 S.E.2d 855

**Phyllis Jean ROGERS**

v.

**Holroyd Elvin ROGERS.**

No. 18824.

Supreme Court of Appeals of
West Virginia.

Dec. 21, 1989.

David L. Parmer, Hinton, for Phyllis Jean Rogers.

Anthony J. Sparacino, Jr., Beckley, for Holroyd Elvin Rogers.

WORKMAN, Justice.

Phyllis Jean Rogers, appellant, and Holroyd Elvin Rogers, appellee, were divorced on October 23, 1987, by an order of the Circuit Court of Raleigh County, which awarded appellant ownership of a 1985 Oldsmobile and directed appellee to pay appellant alimony for a period of five years. Appellee was to pay appellant $400.00 per month for two years; $300.00 per month for one year following; $200.00 per month for the subsequent year; and $100.00 per month for the final year. By a supplemental order entered February 29, 1988, the court appeared to alter the alimony payments by directing that the appellee was to pay the appellant $400.00 per month for two years, $300 per month for one year and $100.00 per month in the final year. The effect of this change was a reduction in the alimony award in the amount of $2,400.00. The order stated that these alimony payments would be payable at most for a five-year period, but it appears that such payments are to be made for a four-year period. The court entered another order on July 1, 1988, which directed that appellant and appellee each receive an equal portion of a $10,000.00 certificate of deposit, once a loan against the certificate had been paid in full.

Appellant claims on appeal that she was denied a fair and equitable distribution of the marital property upon her divorce from appellee in that the circuit court erred by failing to determine the identity of and value of all marital property. We find the

record incomplete with regard to the marital assets owned by the parties, and thus reverse and remand.

The parties in this action have been married to each other two times. The first marriage lasted from 1964 to 1968, and the second one from May 1976 to October 1987. No children were born of either marriage. The parties lived in a brick, two-bedroom home, situated on five lots. The appellee testified that the home had a value of $50,000.00, but the appellant testified that the value of the home was higher. No expert appraisal was put in evidence. The home had been titled in both parties' names during their first marriage, but at the end of the first marriage, the appellant relinquished her interest to the property as part of the divorce settlement. She did not regain an interest in the marital home upon their remarriage. They did make improvements to the house during the second marriage, including an in-ground swimming pool, which the appellant asserts cost approximately $20,000.00.

The appellee was employed as an engineer by CSX at an annual salary of approximately $56,000.00. He has interest in a pension plan through his employer, the value of which was never fully ascertained. The appellant did not work outside the home during the second marriage, but performed all the household duties, including cleaning, cooking and mowing the yard. She is approximately 46 years old, has no special work skills and has an 8th grade education. The court made no finding as to the value of homemaker services as required by W.Va.Code § 48–2–32 (1986).

There were assets which were divulged at hearings that were never fully determined to belong to the appellee alone. The appellee testified at the hearing that he owned a lot in Florida valued at approximately $1,300.00 and two cemetery lots. Appellant claims to have an interest in the lot in Florida and the cemetery lots. She asserts that the property is titled in both the appellant and appellee's names. There is a 1979 truck valued at approximately $300.00. There are $10,000.00 worth of savings bonds and $20,000.00 in an Individ-

ual Retirement Account. Appellee testified that he owned the bonds and IRA when they last cohabitated together, but did not say if he owned them prior to their remarriage. The house contained miscellaneous furniture acquired during the marriage. In addition, there is dispute over a one and one-half to two carat diamond ring which appellant claimed was given to her by the appellee. Appellee claimed he merely let her wear the ring, but never gave it to her. In the final divorce decree, the court held that appellee was to recover the ring or the $2,000.00 value of the ring from the appellant. Finally, the appellant withdrew $9,100.00 from joint checking and savings accounts, claiming she needed the money for living expenses until she was awarded alimony.

■ The court below made no findings of fact or conclusions of law relating to the ownership of the aforementioned assets, nor was it determined whether these assets were marital or separate property. It is difficult to determine whether there was a fair division of assets due to the inadequacy of the evidentiary record. However, if there does exist a pension fund, the appellant would seem to be entitled to an interest in it. In *Cross v. Cross*, 178 W.Va. 563, 363 S.E.2d 449 (1987), we held that the right to receive future benefits from a pension plan is marital property, which must be included in the marital assets.

■ In Syllabus Point 1 of *Hamstead v. Hamstead*, 178 W.Va. 23, 357 S.E.2d 216 (1987), *overruled on other grounds, Roig v. Roig*, 178 W.Va. 781, 364 S.E.2d 794 (1988), we stated that there must be a "full disclosure of one spouse's financial assets to the other spouse at the time of divorce, and [that W.Va.Code § 48–2–33] contemplates a meaningful hearing on the subject of equitable distribution of property at which the spouse submitting financial data may be cross-examined concerning the nature, origin and amount of assets."

■ We find that the record developed at the circuit court was deficient in that the ownership of several assets, the value of improvements to the marital home and appellant's contribution for homemaker ser-

vices pursuant to W.Va.Code § 48–2–32, were not fully determined. Pursuant to W.Va.Code § 48–2–32(d), the trial court shall (1) "[d]etermine the net value of all marital property . . .;" (2) "[d]esignate the property which constitutes marital property, and define the interest therein to which each party is entitled . . .;" and (3) "[d]esignate the property which constitutes separate property. . . ." We find that the trial court did not fulfill the duty mandated by this statute when it failed to distinguish ownership or value of several items mentioned at the hearing. We therefore reverse the order of the Circuit Court of Raleigh County and remand this case for further development pursuant to the deficiencies set forth above, for the taking of additional evidence, if necessary; for the making of findings of fact and conclusions of law as required by statute; and for entry of an order reflecting the equitable distribution of marital property.

Reversed and remanded.