Edna WILLOUGHBY, Plaintiff,

v.

Felton J. WILLOUGHBY, Defendant.

Felton WILLOUGHBY, Plaintiff,

v.

Edna WILLOUGHBY, Defendant.

Civ. A. Nos. 88–4269–S, 88–4287–S.

United States District Court,
D. Kansas.

Jan. 26, 1990.

Dan L. Wulz, Bryan, Lykins, Hejtmanek & Wulz, P.A., Topeka, Kan., for Edna Willoughby.

Robert D. Hecht, Scott, Quinlan & Hecht, Topeka, Kan., for Felton J. Willoughby.

Edward L. Bailey, Grant M. Glenn, Cosgrove, Webb & Oman, Topeka, Kan., for Equicore, Inc. and Equitable Life Assur. Soc.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on parties' cross-motions for summary judgment. This consolidated suit involves a dispute over proceeds of a life insurance policy belonging to decedent, Martin Willoughby. Because the court finds that oral argument would not be of material assistance in its determination of this matter, Felton Willoughby's request for oral argument is denied. D. Kan. 206(d).

The court finds the following facts to be uncontroverted. Edna J. Willoughby (hereafter, "Edna") and Martin P. Willoughby, deceased, (hereafter, "Martin") were married on August 2, 1970. Edna and Martin had two children: namely, Terry M. Willoughby ("Terry") and Sandy D. Willoughby. During the 17–year marriage, Martin acquired a life insurance policy through an employee benefits program offered by his employer, Kansas Power and Light Company ("KP & L"), namely Life Insurance Policy No. 566666, certificate number 511865183, issued through Equicor, Inc. and/or Equitable Life Assurance Society. Upon acquiring the policy and at the time Edna's petition for divorce and restraining order were filed on June 17, 1988, Edna was named the beneficiary of the policy, if

living, and if not to their children in equal shares. Prior to January 1, 1988, Martin paid $8.00 per month through payroll deduction for the life insurance policy. Thereafter, KP & L paid for $40,000 worth of coverage as an employee benefit, and Martin paid 90 cents per month for the additional $5,000 worth of coverage as elective grandfathered insurance.

On June 17, 1988, Edna filed for divorce from Martin in the District Court of Shawnee County, Kansas (case no. 88–D–837). On that same date, a standard form restraining order utilized in Shawnee County, Kansas was entered in the divorce action. The restraining order contained language prohibiting the parties from withdrawing, selling, encumbering or disposing of the money, property or assets of the parties not needed for day-to-day living expenses. On June 22, 1988, Martin was served with the petition and restraining order. He was represented by counsel in the divorce action and had an opportunity to discuss the pleadings filed therein.

On July 6, 1988, Martin changed the named beneficiary on the life insurance policy from Edna to their son, Terry. On July 21, 1988, Martin added his father, Felton Willoughby ("Felton"), as a secondary beneficiary on the policy. On July 23, 1988, Terry, the primary beneficiary, was shot and killed, predeceasing Martin. On July 24, 1988, Martin died in or near Loveland, Colorado, the cause of death being ruled as suicide. On or about August 1, 1988, Felton made a claim to the life insurance proceeds.

On November 9, 1988, Edna filed this action in federal district court against Felton and the insurance company, premising jurisdiction on 29 U.S.C. § 1132(e). On December 1, 1988, Felton's state court action against the insurance company for the proceeds of Martin's policy was removed to this court. The court ordered the two cases consolidated on December 29, 1988. On January 20, 1989, the insurance company was dismissed as a defendant in this lawsuit; the proceeds of the policy were ordered deposited in an interest bearing account, pending further order of the court.

In this action, Edna Willoughby claims the proceeds of the policy because she was the named beneficiary of the life insurance policy when the restraining order was issued on June 17, 1988. The restraining order, she argues, prevented Martin from changing the beneficiary of the policy because the life insurance policy was marital property of a type which Martin was enjoined from disposing of or encumbering under the terms of the court order. Felton Willoughby contends that he is entitled to the policy proceeds because he was the surviving, named beneficiary when Martin died. Felton further argues that the restraining order did not restrain Martin from changing the beneficiary on his life insurance policy since Edna's right to receive proceeds was a "mere expectancy," not property subject to the restraining order.

■ As an initial matter, the court finds that because no material facts in this case are disputed, this case is ripe for summary judgment. The specific legal issue before the court, therefore, is whether the life insurance policy was property subject to the restraining order of the Shawnee County District Court. In Kansas, after a petition for divorce is filed, a district judge is permitted to make and enforce a number of interlocutory orders, including an order restraining the parties from disposing of property. K.S.A. 60–1607(a)(1). The restraining order entered on June 17, 1988 and in effect when Martin executed the change in beneficiary on the policy provided, in relevant part, as follows:

> Until both parties shall have the opportunity to present their views and evidence, the money, property, and other assets of the parties not needed for day to day living expenses ... should be preserved by an order of the Court restraining and enjoining both parties from withdrawing, selling, encumbering or disposing of the same.

> The Court should make such orders as are necessary to maintain and preserve the parties' present financial status in

order to protect both parties from the dissipation of their assets ...

Each of the parties are hereby restrained and enjoined from encumbering or selling any of the parties' property, withdrawing from savings accounts, cashing certificates, and from withdrawing funds from checking accounts, except for reasonable living expenses ...

■ Although the life insurance policy is not specifically mentioned in the restraining order, the court finds that the policy was "property" within the broad terms of the restraining order; thus, under the restraining order in effect at the time, Martin was restrained from altering the status of this property by changing the beneficiary, pending further disposition of the matter before the Shawnee County District Court. *See Candler v. Donaldson,* 272 F.2d 374, 377 (6th Cir.1959) (finding that a similar restraining order prevented an insured from changing the beneficiary of a life insurance policy).

This court finds this conclusion to be supported by several reasons. First, the intent of the broad terms of the restraining order is clear: the court intended to maintain the status quo regarding the parties' property pending further disposition of the case. *See Kelly v. Kelly,* 89 Kan. 889, 132 P. 981, 982 (1913) (stating that the sole purpose of this type of restraining order in a divorce is to preserve property intact, pending judgment). Further, Martin was served with this order and had an opportunity to consult with an attorney and to, if he chose, apply for a modification of the order.

Second, the court finds this conclusion to be amply supported by the plenary power of Kansas district courts in dealing with the parties' property in divorce cases. In Kansas, the power of the district court to make and enforce orders regarding the parties' property in a divorce action is extremely broad. K.S.A. 60–1607; K.S.A. 60–1610. Marital property is broadly defined by another Kansas statute, namely K.S.A. 23–201(b), to include all property owned by married persons, whether held individually or jointly. Thus, under Kansas statute, the district court had the power to consider the life insurance policy as part of the Willoughbys' property in distributing property in its final decree of divorce, K.S.A. 60–1610(b)(1), and the power to preserve this item of property pending that decree. *See* K.S.A. 60–1607(a)(1).

■ Third, the court finds that under Kansas law, Edna can be deemed to have obtained a vested, if undetermined, interest in all marital property, including the life insurance policy when she commenced her divorce action against Martin by filing her petition for divorce. The marital property statute, K.S.A. 23–201(b), provides that each spouse has a "common ownership in marital property which vests at the time of commencement of such [divorce] action, the extent of the vested interest to be determined and finalized by the court, pursuant to K.S.A. 60–1610 and amendments thereto." K.S.A. 23–201(b). Kansas cases have also recognized the statutory principle that upon filing for divorce, each spouse obtains a vested, if undetermined, interest in all property individually or jointly held, and courts are obligated to divide that property in a just and equitable manner, regardless of the title or origin of the property. *See Neis v. Neis,* 3 Kan.App.2d 589, 599 P.2d 305 (1979). *See also Gronquist v. Gronquist,* 7 Kan.App.2d 583, 644 P.2d 1365 (1982); *Wachholz v. Wachholz,* 4 Kan. App.2d 161, 603 P.2d 647 (1979). Further, Kansas courts have specifically found that a life insurance policy is property subject to division in a divorce. In *Redmond v. Redmond,* 229 Kan. 565, 629 P.2d 142, 142 (1981), the Kansas Supreme Court affirmed a district court's division of a life insurance policy in a divorce action as within the court's discretion. In *Hollaway v. Selvidge,* 219 Kan. 345, 548 P.2d 835, 840 (1976), although the court held that the wife in that case had contracted away her right to policy proceeds, the husband's insurance policy was treated as an item of marital property under the property settlement agreement in that divorce.[1]

**1.** The court finds the case law from other jurisdictions cited by Felton Willoughby in support

The court further finds that on the undisputed facts before it, the equities weigh strongly in favor of Edna's interest in the life insurance proceeds. As a general rule, the owner of an insurance policy has the right to change beneficiaries, *Holloway*, 548 P.2d at 839, and the named beneficiary at the time of death obtains a vested right to proceeds. *Travelers Ins. Co. v. Daniels*, 667 F.2d 572, 573 (7th Cir. 1981). Courts, including Kansas courts, have recognized, however, that equities may limit the right of the policy owner to change beneficiaries and the right of the currently named beneficiary to collect proceeds. *See Candler*, 272 F.2d at 376-77; *Travelers Ins. Co.*, 667 F.2d at 573. *See also Standard Ins. Co. v. Schwalbe*, 110 Wash.2d 520, 755 P.2d 802, 806 (1988) (voiding a change of beneficiary which violated a preliminary injunction issued in a divorce proceeding); *Pierce v. Pierce*, 12 Kan. App.2d 810, 758 P.2d 252 (1988), *aff'd*, 244 Kan. 246, 767 P.2d 292 (1989) (affirming a trial court's judgment that a divorce decree requiring a husband to maintain a life insurance policy with minor children as beneficiaries precluded the husband from changing beneficiaries; thus, the minor children, although not currently named as beneficiaries, were entitled to the proceeds).

Under the facts of the present case, the court finds that equity weighs in favor of Edna Willoughby's right to recover the proceeds of the insurance policy vis-a-vis the currently named beneficiary, Felton Willoughby, in view of the Edna and Martin's 17-year marriage, Martin's attempt to change beneficiaries in spite of the restraining order prohibiting him from disposing of property, the fact that the policy was purchased during the marriage and at least some of the premiums were paid from Martin's wages earned during the marriage, and the fact that Felton Willoughby is merely a donee beneficiary with no offsetting equities. *See Candler*, 272 F.2d at 377.

of the proposition that life insurance policies are not property subject to a restraining order unpersuasive on the question of how Kansas law would regard a life insurance policy in the

For all of the above reasons, therefore, the court finds that Edna Willoughby's motion for summary judgment should be granted, pursuant to Fed.R.Civ.P. 56. Accordingly, Felton Willoughby's motion for summary judgment will be denied.

IT IS BY THE COURT THEREFORE ORDERED that Edna Willoughby's motion for summary judgment is granted.

IT IS FURTHER ORDERED that Felton Willoughby's motion for summary judgment is denied.

situation before the court, particularly in light of the broad view of marital property exhibited in the Kansas statutes and case law cited herein.