465 S.E.2d 614

**Barbara GRAHAM, Plaintiff Below, Appellee,**

v.

**Simon GRAHAM, Defendant Below, Appellant.**

**No. 22701.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 13, 1995.

Decided Nov. 17, 1995.

James A. Walker, Logan, for Appellee.

Nelson R. Bickley, Bickley & Jacobs, Charleston, for Appellant.

MILLER, Justice (Retired):

The question in this case is whether a term life insurance policy, which has no cash value, is property for marital distribution purposes and is subject to a nondisposal order in a divorce proceeding. The Circuit Court of Logan County held that such an insurance policy was marital property and ordered that the proceeds of a policy on the life of Lawrence Graham be turned over to his estranged wife, the appellee, Barbara Graham. The appellant, Simon Graham, who was Lawrence Graham's uncle, and who initially received the proceeds, claims that the trial court erred in holding that the policy was marital property and in directing him to turn over the proceeds. After reviewing the questions presented, this Court agrees with the trial court's conclusions. The judgment of the Circuit Court of Logan County is, therefore, affirmed.

## I.

The appellee, Barbara Graham, and Lawrence Graham were married on May 3, 1962. Sometime after they were married, Lawrence Graham commenced working for Buffalo Mining Company, and, as a part of his employment package, he received a term insurance policy paid for by the company. Upon receiving the policy, Lawrence Graham designated the appellee, Barbara Graham, his wife, as the beneficiary.

Subsequently, on January 16, 1992, Lawrence Graham sued Barbara Graham for divorce in the Circuit Court of Logan County. The circuit court entered a *pendente lite* order which provided, among other things, that "both parties are hereby enjoined and restrained from disposing of any marital assets until further Order of this Court." Subsequent to entry of the *pendente lite* order, Lawrence Graham, on November 18, 1992, changed the beneficiary designation on the term life insurance policy from his wife, Barbara Graham, to his uncle, Simon Graham. Approximately six months later, on May 30, 1993, Lawrence Graham was murdered by a person other than his wife. As a consequence of his death, the proceeds of the term life insurance policy, which amounted to $70,-000.00, were paid to Simon Graham, as the designated beneficiary at the time of death.

After Simon Graham collected the insurance proceeds, Barbara Graham instituted the present action in the Circuit Court of Logan County. In her complaint, she alleged that the term life insurance policy was marital property and that the beneficiary change on the policy was in violation of the *pendente lite* provision enjoining the dispersion of marital assets. The trial court agreed with her claims and entered summary judgment on her behalf.

### II.

We review a circuit court's granting of summary judgment under a *de novo* standard, as we explained in syllabus point 1 of *Jones v. Wesbanco Bank Parkersburg,* 194 W.Va. 381, 460 S.E.2d 627 (1995). Also, there must be no genuine issue of material fact nor a need for further factual inquiry to clarify the applicable law, as stated in syllabus point 2 of *Jones:*

1. "A circuit court's entry of summary judgment is reviewed *de novo.*" Syl. pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994).

2. " ' "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Casual-*

ty & Surety Co. v. Federal Insurance Co. of New York, 148 W.Va. 160, 133 S.E.2d 770 (1963).' Syllabus Point 1, *Andrick v. Town of Buckhannon,* 187 W.Va. 706, 421 S.E.2d 247 (1992)." Syl. pt. 2, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994).

We find that there is no genuine issue of fact raised by the appellant, and the issue is essentially one of law involving an interpretation of our marital property statute.

There is little question that the statutory definition of marital property contained in W.Va.Code, 48–2–1(e), is quite broad, as illustrated by this language in subsection (e)(1):

(1) All property and earnings acquired by either spouse during a marriage, including every valuable right and interest, corporeal or incorporeal, tangible or intangible, real or personal, regardless of the form of ownership, whether legal or beneficial, whether individually held, held in trust by a third party....

We have not had occasion to address the precise question of whether a term life insurance policy is "marital property" for marital distribution purposes. However, we have recognized that the Legislature has expressed a marked preference for characterizing property as "marital property" for marital distribution purposes. As stated in syllabus point 3 of *Whiting v. Whiting,* 183 W.Va. 451, 396 S.E.2d 413 (1990):

W.Va.Code, 48–2–1(e)(1) (1986), defining all property acquired during the marriage as marital property except for certain limited categories of property which are considered separate or nonmarital, expresses a marked preference for characterizing the property of the parties to a divorce action as marital property.

*See also, Hamstead v. Hamstead,* 184 W.Va. 272, 400 S.E.2d 280 (1990); *Kapfer v. Kapfer,* 187 W.Va. 396, 419 S.E.2d 464 (1992).

Moreover, in a number of cases we have indicated that the existence of an ascertainable present value is not the key determinant of whether the interest should be considered marital property. Instead, we have stated that, given the broad legislative definition of marital property, several types of expectan-

cies, or near expectancies, with little or no present value, are marital property for equitable distribution purposes. For example, a contingent fee contract entered into by an attorney during marriage was held to be marital property under W.Va.Code, 48–2–1(e)(1). *Metzner v. Metzner,* 191 W.Va. 378, 446 S.E.2d 165 (1994). Somewhat similarly, in *Hardy v. Hardy,* 186 W.Va. 496, 413 S.E.2d 151 (1991), we held that the economic losses attributable to a personal injury claim during marriage were "property" for marital distribution purposes. Lastly, and more significantly, in *Smith v. Smith,* 190 W.Va. 402, 438 S.E.2d 582 (1993), and a number of prior cases, we have held that pension benefits were "property" for marital distribution purposes. *See also, Langdon v. Langdon,* 182 W.Va. 714, 391 S.E.2d 627 (1990); and *Cross v. Cross,* 178 W.Va. 563, 363 S.E.2d 449 (1987).

Other jurisdictions have addressed the question of whether a life insurance policy is marital property and have recognized that term life coverage can be marital or community property. *See, e.g., Lock v. Lock,* 8 Ariz.App. 138, 444 P.2d 163 (1968); *Guy v. Guy,* 98 Idaho 205, 560 P.2d 876 (1977); *Sherman v. Roe,* 153 Tex. 1, 262 S.W.2d 393 (1953); and *Aetna Life Insurance Company v. Bunt,* 110 Wash.2d 368, 754 P.2d 993 (1988). The best explanation for so holding is given in B. Turner, *Equitable Distribution of Property* § 6.26 (2d ed. 1994), which states:

> An existing life insurance policy is property acquired in exchange for other property—the funds used to make the premium payments. Thus, to the extent the premiums were paid with marital funds, the policy is marital property. Conversely, to the extent the premiums were paid with separate funds, the policy is separate property.

> In determining the character of funds used to pay the premiums, it may be important to determine exactly which premiums are consideration for the policy involved. Some policies are set up as a single contract which lasts for many years; others are set up as a series of renewable one-year contracts. If the case involves the latter type of policy, only the last year of premiums would be relevant. (Footnotes omitted.)

In *Aetna Life Insurance Company v. Bunt, supra,* the Supreme Court of Washington, in treating a situation close to that in the present case, also recognized that the character of a premium determines whether a term life insurance policy is marital or non-marital property:

> The ownership character of a term life insurance policy depends upon the character of the funds used to pay the premium for the most recent term ... Where the last insurance premium payment was paid as a fringe benefit of employment to a married employee, the premiums presumptively constitute community earnings ... This follows from the strong presumption that assets acquired during marriage are community property....

110 Wash.2d at 371–72, 754 P.2d at 995. In *Guy v. Guy, supra,* the Idaho court reached a similar conclusion.

A further relevant situation is presented in *Willoughby v. Willoughby,* 758 F.Supp. 646 (D.Kan.1990), where the court held that a life insurance policy acquired as a part of an employee benefits plan was property subject to a *pendente lite* restraining order in a divorce. The court, construing Kansas divorce law, stated "each spouse obtains a vested, if undetermined, interest in all property ... and courts are obligated to divide that property in a just and equitable manner." 758 F.Supp. at 649. The court went on to state "courts ... have recognized, however, that equities may limit the right of a policy owner to change beneficiaries...." 758 F.Supp. at 650. It cited, among other cases, *Standard Insurance Co. v. Schwalbe,* 110 Wash.2d 520, 755 P.2d 802 (1988), where the court voided a change in beneficiary made after an injunction against disposing of property had been issued; and *Pierce v. Pierce,* 12 Kan.App.2d 810, 758 P.2d 252 (1988), *aff'd* 244 Kan. 246, 767 P.2d 292 (1989), where a husband under a divorce decree was required to maintain life insurance with his minor children as beneficiaries. He was held to be precluded from changing beneficiaries.

Under the foregoing law, we conclude that a term life insurance policy obtained as an employment benefit during the marriage is marital property under W.Va.Code, 48–2–1(e)(1). The owner of such policy is foreclosed from transferring the spouse as named beneficiary on the policy once a divorce proceeding is filed and a *pendente lite* order is entered precluding the disposition of marital assets.

For the reasons stated, the judgment of the circuit court is affirmed.

Affirmed.

ALBRIGHT, J., did not participate in the consideration or decision of this case.