**J. Willis CRIDER, Appellant,**

v.

**FRANKLIN BANK & TRUST COMPANY**
**Franklin, Kentucky and J. B. Lester,**
**Appellees.**

Court of Appeals of Kentucky.

May 12, 1972.

Gary B. Houston, Henry O. Whitlow, Waller, Threlkeld & Whitlow, Paducah, for appellant.

B. M. Westberry, Marion, for Franklin Bank & Trust Co.

J. Reed Caudill, Bowling Green, for appellee J. B. Lester.

EDWARD P. HILL, Jr., Judge.

The judgment from which this appeal is prosecuted was entered on the pleadings pursuant to appellees' motion. The judgment granted the demands of the complaint and held that the allegations of the appellant's answer did not constitute a defense.

The complaint insofar as we are here concerned alleged the execution and delivery by appellant of a note for $10,303.25 to appellee Franklin Bank & Trust Company.

Appellant's answer pleaded fraud on the part of the president of the bank and want of consideration.

The rule against the admission of parol evidence to change the terms of a written contract is subject to a well-established exception, first by KRS 371.030, which pertains to contracts generally, and more specifically by KRS 355.3–408, wherein it is written that "want * * * of consideration is a defense as against any person not having the rights of a holder in due course."

The allegation of no consideration raised a triable defense.

We express no opinion as to the other allegations of the answer. In Clay's Kentucky Practice, in Author's Comment under CR 12.03, it is said:

"If the motion is made by the plaintiff, it should not be granted if any defense is sufficient. If one or more defenses are not sufficient, the proper motion would be one to strike under Rule 12.06."

The judgment is reversed for further proceedings consistent with this opinion.

All concur.