ROY E. WHETSTINE, Appellant, v. MARDEN M. STROUD, Respondent.

No. 14586

September 27, 1983                    669 P.2d 252

*David Allen,* Las Vegas, for Appellant.

*James L. Buchanan,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

In July of 1981, respondent Stroud filed a complaint in district court against appellant Whetstine seeking to recover on a promissory note allegedly executed by Whetstine. Whetstine answered the complaint, asserted an affirmative defense, and counterclaimed against Stroud. Stroud never filed a reply to Whetstine's counterclaim.

On September 14, 1982, the day scheduled for trial, Whetstine's counsel represented to the court that Whetstine was considering declaring bankruptcy. The district judge continued the matter for thirty days and scheduled a status check at that time. The district judge also stated in this order that "in the event the defendant does not seek bankruptcy, the court will enter an

order for judgment on the pleadings.'' One month later, at the scheduled status check, Whetstine's counsel represented that Whetstine was not going to declare bankruptcy. The district judge then entered judgment on the pleadings in Stroud's favor.[1] Accordingly, Stroud received a judgment against Whetstine for $100,000, as prayed for in his complaint, together with interest, attorney fees and costs. Whetstine's appeal followed. For the reason set forth below, we reverse.

Judgment on the pleadings in this case was inappropriate because Whetstine's answer raised material issues of fact which remained in dispute. ''A motion for judgment on the pleadings, like a motion for summary judgment, should be granted only if there is no issue of material fact and if the pleadings show that the moving party is entitled to prevail as a matter of law.'' Greenberg v. General Mills Fun Group, Inc., 478 F.2d 254, 256 (5th Cir. 1973). *See also* 5 Wright & Miller, Federal Practice and Procedure: Civil § 1368 (1973). Not only did Whetstine's answer deny that the $100,000 promissory note was due and owing, but the answer asserted the affirmative defense of accord and satisfaction. Furthermore, Whetstine's counterclaim alleged the delivery of property to Stroud as security with a value in excess of the $100,000 note. Thus, material issues of fact were presented by the pleadings, precluding a judgment thereon.

In light of our determination above, we need not decide the remaining procedural issues raised by the parties.[2] The district court's judgment is reversed, and this matter is remanded for further proceedings.

---

[1]There is no explanation in the record on appeal, in the district court clerk's minutes, or in the briefs filed on appeal, as to why the district court entered, *sua sponte,* a judgment on the pleadings.

[2]We note, however, that the 1½ pages of argument in the respondent's answering brief contain only a discussion of the procedural issues raised by appellant. There is no response to appellant's contention that judgment on the pleadings was precluded by the existence of factual issues.