332 S.E.2d 586

**CALVERT FIRE INS. CO.**

v.

**Larry A. BAUER.**

**No. 16491.**

Supreme Court of Appeals of West Virginia.

Submitted April 30, 1985.

Decided June 27, 1985.

· William B. Carey, Berkeley Springs, for appellant.

Walter M. Jones, III, Martin & Seibert, Martinsburg, for appellee.

PER CURIAM:

The appellant and defendant below, Larry A. Bauer, appeals from a final order of

the Circuit Court of Morgan County granting a judgment on the pleadings in favor of Calvert Fire Insurance Company (Calvert).

The appellant was involved in an automobile accident in 1973. He thereafter executed a promissory note, admitting his negligence, acknowledging liability, and agreeing to pay Calvert $5,050 in monthly installments over eight years.[1] The note contained an acceleration provision permitting Calvert to treat the debt as being immediately due upon the failure to make a timely payment and to bring suit for the amount of the outstanding indebtedness.

Mr. Bauer apparently made payments on the note, then defaulted. An action was instituted on September 24, 1982, in the name of William L. Bull, who was involved with Bauer in the 1973 automobile accident. The complaint demanded judgment for the full amount of the note, *viz.* $5,050. On October 1, 1982, Calvert filed a motion to amend the complaint to name itself as the plaintiff and real party in interest and demanded judgment for some $3,600, representing the unpaid balance allegedly remaining on the note. The note was attached to the complaint and to the amended complaint as an exhibit.

On November 14, 1982, Mr. Bauer's attorney filed an answer asserting as affirmative equitable defenses that the note was unconscionable, contrary to public policy, and not based on valid consideration, and demanding that the promissory note be held unenforceable. At the same time, interrogatories were served on Calvert to obtain information concerning the factual circumstances surrounding execution of the promissory note. Calvert, however, did not answer the interrogatories and, instead, moved for judgment on the pleadings. In response, Mr. Bauer moved to compel Calvert to answer the interrogatories and to strike its motion for judgment on the pleadings.

After hearing oral argument on these motions at a hearing on January 23, 1984, the trial court granted Calvert's motion to amend the complaint and granted judgment on the pleadings. The trial court denied the appellant's motion to compel discovery and to strike Calvert's motion for judgment on the pleadings. The appellant then appealed.

We have had little occasion to consider the propriety of granting judgment on the pleadings under Rule 12(c) of the West Virginia Rules of Civil Procedure.[2] Ordinarily, affidavits and other matters outside the pleadings are filed and considered by the trial court, which under Rule 12(c) converts the motion into a motion for summary judgment under Rule 56 of the Rules of Civil Procedure. *See, e.g., Wilfong v. Wilfong,* 156 W.Va. 754, 197 S.E.2d 96 (1973). Since pleadings under the Rules of Civil Procedure are designed to give notice and not to formulate the issues for trial, factual details are generally not included in the pleadings and thus they seldom provide a sufficient basis for a judgment on the merits.

Courts generally adhere to a rather restrictive standard in ruling on motions for judgment on the pleadings under Rule 12(c). The motion will not be granted unless the movant clearly establishes that no material issue of fact remains for resolution and that he is entitled to judgment as a matter of law. The test is essentially the same as that for granting a motion for

---

**1.** The first paragraph of the note recites the consideration as follows:

"FOR VALUE RECEIVED, that being the forebearance to bring suit for damages resulting from an automobile accident with William L. Bull on September 9, 1973, in which I was negligent and at fault and in which I acknowledge liability, I promise to pay to the Calvert Fire Insurance Company the sum of Five Thousand and Fifty Dollars ($5,050.00), without interest...."

**2.** Rule 12(c), W.Va.R.C.P., provides:

*"Motion for judgment on the pleadings.*— After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

summary judgment. *E.g., Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478 (6th Cir.1973); *General Cinema Corp. v. Buena Vista Distribution Co.*, 681 F.2d 594, 597 (9th Cir.1982); *Whetstine v. Stroud*, 669 P.2d 252, 253 (Nev.1983); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1368 (1969); 35A C.J.S. *Federal Civil Procedure* § 400 (1960). In several cases a judgment on the pleadings was reversed where an affirmative defense had been pled in the answer. *American Housing Systems Corp. v. Country Club of Miami Corp.*, 342 So.2d 1026 (Fla.Dist.Ct.App. 1977); *Crider v. Franklin Bank & Trust Co.*, 481 S.W.2d 56 (Ky.App.1972); *Whetstine v. Stroud, supra.*

While the trial court in this case purported to act on the basis of granting a motion for judgment on the pleadings, we believe, however, that the motion was converted into a motion for summary judgment under Rule 56. The trial court had to consider the promissory note that was attached as an exhibit to the complaint and amended complaint in order to determine the cause of action because the terms of the note were not set out in the complaint.

We observed in *Chapman v. Kane Transfer Co., Inc.*, 160 W.Va. 530, 535, 236 S.E.2d 207, 210 (1977), that "[p]leadings are defined in Rule 7(a). Other record materials, such as motions, depositions, interrogatories and answers thereto, stipulations of counsel and other like or similar entries, are not pleadings."[3] Exhibits attached to a complaint are not ordinarily pleadings in the strict sense. *See* Annot., 2 A.L.R.Fed. 1027 (1969).

■ It is, of course, well settled that under Rule 56:

"A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Ins. Co. of N.Y.*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

*See also* Syllabus, *Chambers v. Sovereign Coal Co.*, 170 W.Va. 537, 295 S.E.2d 28 (1982); Syllabus Point 1, *Gavitt v. Swiger*, 162 W.Va. 238, 248 S.E.2d 849 (1978).

■ With this legal standard in mind, we conclude that the trial court improperly granted Calvert's motion because the appellant in his answer pled at least one affirmative defense, namely, that the promissory note was not based on valid consideration.[4] By granting Calvert's motion, the trial judge made a final determination of the underlying substantive merits of the appellant's affirmative defense without permitting even limited discovery or inquiry as to the facts. The trial court's ruling was simply premature. In *Board of Education v. Van Buren & Firestone, Architects, Inc.*, 165 W.Va. 140, 143, 267 S.E.2d 440, 443 (1980), we observed that "a decision for summary judgment before discovery has been completed must be viewed as precipitous." *See Masinter v. Webco Co.*, 164 W.Va. 241, 262 S.E.2d 433 (1980).

The judgment below is therefore reversed and the case is remanded for further proceedings.

Reversed and Remanded.

---

3. Rule 7(a), W.Va.R.C.P., states, as pertinent here:

"*Pleadings.*—There shall be a complaint and an answer; a reply to a counter-claim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."

4. Failure of consideration is one of nineteen affirmative defenses specifically enumerated in Rule 8(c), W.Va.R.C.P.