369 S.E.2d 230

**Leona McELWAIN and
Thomas A. McGee**

v.

**Verlin E. WELLS, Mark Wells,
Elizabeth Julian, Frank Cogar,
and Jo Ann Cummings.**

**No. 18014.**

Supreme Court of Appeals of
West Virginia.

April 21, 1988.

Richard W. Cardot, Elkins, for Leona McElwain.

Harry A. Smith, Elkins, for McGee.

William D. Levine, Marshall & St. Clair, Huntington, for Verlin E. Wells.

PER CURIAM:

The plaintiff, Leona McElwain, appeals from a summary judgment of the Circuit Court of Randolph County entered on December 4, 1986, in favor of the defendants. The plaintiff asserts that there are sufficient disputed facts to avoid the summary judgment. We reverse the summary judgment.

The underlying facts of this case were originally before this Court in *McElwain, et al. v. Wells, et al.*, 174 W.Va. 61, 322 S.E.2d 482 (1984). The grantor and one of the grantees of a tract of land brought this action against the other grantee of the land to void the deeds of conveyance, for damages, and for a temporary injunction to prevent interference by the defendant grantee and others until the title problems involving the tract of land were resolved.

The circuit court originally adopted the defendant grantee's survey and invalidated deeds to the plaintiff grantee. After this Court reversed the circuit court's judgment in the original case, we issued a writ of mandamus (*Leona McElwain v. Jack R. Nuzum*, No. 16778, November 20, 1985) directing the Circuit Court of Randolph County to accept the survey of Jerry Shreve as controlling between the parties in order to establish their respective parcels of real estate.

In December of 1985, consistent with our mandamus, the Circuit Court of Randolph County entered an order which, among other things, required that defendant Wells deliver the real estate to the possession of the plaintiffs no later than January 1, 1986 and assessed costs and expenses against defendant Wells and to the benefit of plaintiff McElwain. Afterward, the counterclaim of defendant Wells against the estate of Thomas A. McGee was dismissed, and the issue of damages done to plaintiff's real estate while in the defendant's control was set for a jury trial. The plaintiff proposed the following issues to be determined by a jury: (1) whether plaintiff was entitled to damages from defendant for defendant's withholding of a portion of a 35–acre tract, and if so, in what amount; (2) whether plaintiff was entitled to her costs and expenses; and, (3) whether defendant should bear the costs and expenses of moving gates and fences constructed on plaintiff's property.

During a pretrial conference, the Circuit Court of Randolph County granted the defendant's motion and dismissed plaintiff's claim for damages. Although no transcript was made of this hearing, the circuit court apparently dismissed the action because he found no issue of fact remained to be litigated. We disagree. By dismissing the plaintiff's claim for damages, the circuit court committed error and eliminated from consideration one of the last remaining issues involved in this litigation.

In reviewing the background of this case, we note that at the outset of the original trial, the threshold question to be determined by the circuit court, sitting without a jury, was who owned what parcels of land within the original 144–acre tract. As a result of this trial, the circuit court found the defendant Wells was the owner of all the land in question, and therefore, the issue of damages owed by defendant Wells to the plaintiff was not addressed. After the plaintiffs appealed, this Court reversed the circuit court's judgment, and thereafter, this Court issued a writ of mandamus requiring the circuit court to accept the survey of Jerry Shreve as being dispositive of the boundary issues.

It is reasonable to conclude that the plaintiff could not have litigated the issue of damages to her property until the question of title had been resolved, and the plaintiff had entered onto her property and itemized what damage—if any—had been done. The plaintiff was not able to do this until the circuit court acted in accordance with our direction and accepted the survey of Jerry Shreve as controlling on the issue of title. At no time in the litigation of this case has the issue of plaintiff's damages been addressed.

In Syllabus Point 4 of *Aetna Cas. and Surety Co. v. Federal Ins. Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963), we stated:

> If there is no genuine issue as to any material fact summary judgment should be granted but such judgment must be denied if there is a genuine issue as to material fact.

The purpose of summary judgment is to effect the prompt disposition of controversies on their merits without resort to a trial, if there is no real factual dispute. However, in this case, because a genuine issue of fact remains, i.e., the plaintiff's damages, it was reversible error for the Circuit Court of Randolph County to grant the defendant a summary judgment. *Calvert Fire Ins. Co. v. Bauer*, 175 W.Va. 286, 332 S.E.2d 586 (1985); *Oakes et al. v. Monongahela Power Company, et al.*, 158 W.Va. 18, 207 S.E.2d 191 (1974).

For the foregoing reasons, the judgment of the Circuit Court of Randolph County is reversed.

Reversed and remanded.