427 S.E.2d 458

**Hence SESCO, Jr. and Emma Sesco, Plaintiffs Below, Appellants,**

v.

**NORFOLK AND WESTERN RAILWAY COMPANY, Defendant Below, Appellee.**

**No. 20661.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 19, 1993.

Decided Feb. 11, 1993.

Guy Bucci, William S. Steele, Ted M. Kanner, Charleston, for appellants.

Thomas W. Pettit, Vinson, Meek, Lewis & Pettit, Huntington, David J. Laurent, J. Michael Klutch, Polito & Smock, Pittsburgh, PA, for appellee.

PER CURIAM:

Hence Sesco, Jr. and Emma Sesco appeal a final order of the Circuit Court of Mingo County granting a judgment on the pleadings in favor of the Norfolk and Western Railway Company.[1]  Mr. and Mrs. Sesco contend that the circuit court's order granting judgment on the pleadings deprived them of the opportunity to develop a record showing that Norfolk's breach of a duty it owed to Mr. Sesco caused his injury.  Because we agree that the judgment on the pleadings was improper, we reverse the decision of the circuit court.

In his complaint Mr. Sesco alleges that, on October 15, 1987, he was injured when he fell while attempting to repair a railroad car belonging to Norfolk that was located on Norfolk's tracks.  No details of the circumstances of Mr. Sesco's accident were pled.  At the time of the accident, Mr. Sesco was employed by the Old Ben Coal Company which leased both the railroad car and the tracks from Norfolk.  Mr. Sesco's complaint alleges that (1) Norfolk was negligent by failing to provide him with training to repair railroad cars, especially safety training and appropriate safety equipment[2] and (2) Norfolk breached its "duty to maintain the work place in a reasonably safe condition."

In its February 6, 1990 answer, Norfolk denied that it failed to provide a reasonably

---

1. Although the complaint was originally filed against the Norfolk Southern Corporation, the circuit court, pursuant to an agreement of the parties, substituted Norfolk and Western Railway Company for Norfolk Southern Corporation and modified the caption to reflect the same.  The order used the word "Railroad" rather than "Railway" in the sample of the new caption.

2. Although Mr. and Mrs. Sesco attached a lease dated October 1, 1981 between Old Ben Coal Company and Norfolk to their petition to this Court, the lease was not attached to or made a part of the pleadings.

safe place to work by not providing Mr. Sesco, an employee of Old Ben, with training and safety equipment. No discovery occurred before September 13, 1990, when Norfolk moved for a judgment on the pleadings under Rule 12(c) of the *West Virginia Rules of Civil Procedure* [1978][3]. Norfolk's motion for a judgment on the pleadings essentially raises a motion for a failure to state a claim, a Rule 12(b)(6) motion. After a hearing on April 5, 1991, the circuit court granted Norfolk's motion and dismissed the complaint. Mr. and Mrs. Sesco, then, appealed to this Court.

■ Because pleadings under our *Rules of Civil Procedure* are designed to give notice and do not necessarily formulate the trial's issues, the pleadings generally contain insufficient data to provide a sufficient basis for a judgment on the merits. In *Chapman v. Kane Transfer Co., Inc.*, 160 W.Va. 530, 236 S.E.2d 207 (1977) (a negligence action brought by a shipper's employee against a carrier), we held that the rule for testing the sufficiency of a complaint, under Rule 12(b)(6), *W.Va.R.C.P.*, was defined in *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957), which said:

> ... In appraising the sufficiency of a complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Chapman, supra*, 160 W.Va. at 538, 236 S.E.2d at 212, *quoting Conley.* In *Chapman*, we noted that when a motion to dismiss is sought the complaint is to be "construed in the light most favorable to plaintiff." *Chapman, id.* We also held that "[a] motion to dismiss for failure to state a claim is viewed with disfavor, particularly in actions to recover for personal injuries." *Chapman, id. See also Courtney v. Courtney*, 186 W.Va. 597, 413 S.E.2d 418 (1991).

In *Calvert Fire Ins. v. Bauer*, 175 W.Va. 286, 332 S.E.2d 586 (1985) (per curiam) (an action brought to recover the unpaid balance allegedly remaining on a promissory note), we reversed the judgment on the pleadings because the defendant had "pled at least one affirmative defense, namely, that the promissory note was not based on valid consideration. (Footnote omitted)." *Calvert, id.* at 288, 332 S.E.2d at 588–89. In *Calvert*, we noted that a motion for judgment on the pleadings will not be granted "unless the movant clearly establishes that no material issue of fact remains for resolution and that he is entitled to judgment as a matter of law," essentially the same test for granting a Rule 56 summary judgment motion. *Calvert, id.* at 287, 332 S.E.2d at 588. *See Gunn v. Hope Gas Inc.*, 184 W.Va. 600, 402 S.E.2d 505 (1991) (per curiam); *Institute for Scientific Information, Inc. v. Gordon and Breach Science Publishers, Inc.*, 931 F.2d 1002 (3rd Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 302, 116 L.Ed.2d 245 (1991) (holding that in order to grant a Rule 12(c) motion the court must determine beyond doubt that no facts support the plaintiff's claim); *Trevino v. Union Pacific R. Co.*, 916 F.2d 1230 (7th Cir.1990) (holding the federal rules do not require a complaint to allege sufficient facts to establish a right to judgment); *Thomason v. Nachtrieb*, 888 F.2d 1202 (7th Cir.1989) (holding the grant of a Rule 12(c) motion was proper because the plaintiff chose not to amend the complaint when given the opportunity and allowed the time for amendment to pass); 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1368 (1990).

■ Our standard for reviewing a Rule 56 motion was stated in Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal*

---

**3.** Rule 12(c) of the *W.Va.R.C.P.* [1978], states: *Motion for judgment on the pleadings.*—After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

*Ins. Co. of N.Y.*, 148 W.Va. 160, 133 S.E.2d 770 (1963):

> A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.

*In accord,* Syllabus Point 2, *Pasquale v. Ohio Power Co.*, 186 W.Va. 501, 413 S.E.2d 156 (1991); *Thompson Development, Inc. v. Kroger Co.*, 186 W.Va. 482, 413 S.E.2d 137 (1991).

 In the present case, Mr. and Mrs. Sesco argue that the dismissal of their suit deprived them of the opportunity to discover facts showing that Norfolk had violated its duty toward Mr. Sesco, an employee of a company that leased the railway car and tracks from Norfolk. In Syllabus Point 2, *Sanders v. Georgia–Pacific Corp.*, 159 W.Va. 621, 225 S.E.2d 218 (1976), we said:

> The owner or occupier of premises owes to an invitee such as a non-employee workman or an independent contractor the duty of providing him with a reasonably safe place in which to work and has the further duty to exercise ordinary care for the safety of such persons.

Because of the lack of a record, we decline to speculate on the facts that might show Norfolk violated its duty.

With only the bare facts stated in the pleadings we are unable to hold that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syllabus Point 3, *Chapman, supra.* The circuit court's ruling was simply premature. *See Andrick v. The Town of Buckhannon,* 187 W.Va. 706, 421 S.E.2d 247 (1992) (on an appeal from an order granting summary judgment, the facts will be received in the light most favorable to the losing party); *Board of Education of Ohio County v. Van Buren and Firestone, Architects, Inc.,* 165 W.Va. 140, 144, 267 S.E.2d 440, 443 (1980) (holding "a decision for summary judgment before discovery has been completed must be viewed as precipitous"); *Masinter v. WEBCO Co.,* 164 W.Va. 241, 243, 262 S.E.2d 433, 436 (1980) (cautioning against making a decision on an "inaccurate factual assessment").

For the above stated reasons, the judgment of the Circuit Court of Mingo County is reversed and the case is remanded for further proceedings.

Reversed and Remanded.