# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Mark Gomez, a Registered West Virginia Lobbyist,**
**Plaintiff Below, Petitioner**

**vs)   No. 17-1048** (Kanawha County 17-C-858)

**A.C.R. Promotions, Inc., a West Virginia Corporation,**
**Defendant Below, Respondent**

**FILED**

**June 17, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mark Gomez, pro se, appeals the October 30, 2017, order of the Circuit Court of Kanawha County granting Respondent A.C.R. Promotions, Inc.'s motion to dismiss, or in the alternative, for judgment on the pleadings. Respondent, by counsel Richard F. Neely, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed and this case is remanded to the circuit court with directions (1) to consider respondent's motion for judgment on the pleadings under the standard set forth in syllabus point three of *Copley v. Mingo County Board of Education*, 195 W.Va. 480, 466 S.E.2d 139 (1995); and (2) to provide petitioner an opportunity to be heard pursuant to Rule 201(e) of the West Virginia Rules of Evidence if the court intends to take judicial notice of certain records of the United States District Court for the Southern District of West Virginia ("federal district court").

On June 21, 2017, petitioner initiated a civil action against respondent in the Circuit Court of Kanawha County. In petitioner's complaint, he alleged that he performed work for respondent as a registered lobbyist in 2015 and that respondent desired his lobbying services as a result of "forced overpayment of statutory fees by . . . the [West Virginia] Athletic Commission [('WVAC')] and the newly passed Senate Bill 436 allowing amateur mixed martial arts in the State of West Virginia." Petitioner further alleged that respondent failed to compensate him for his services pursuant to an oral agreement that provided that petitioner would receive one-third of the net proceeds from the award in an action against WVAC that respondent would file in the federal district court. Petitioner claimed $83,333 of the net proceeds of the settlement that respondent reached with WVAC in 2016.

1

On July 13, 2017, respondent filed a motion to dismiss, or in the alternative, for judgment on the pleadings. In that motion, respondent denied that there was "any type of contract or agreement between [petitioner] and [respondent.]" Respondent further raised the statute of frauds which bars enforcement of "any agreement that is not to be performed within a year," if not in writing. W.Va. Code §55-1-1(f). Respondent asserted that it filed the action against WVAC on May 11, 2015, and did not settle the action until June 21, 2016. Petitioner filed a response to the motion on July 28, 2017, and referred to the assertion in his complaint that he performed his lobbying services "between April 24[,] 2015[,] through July 1, 2015."

Also, on July 28, 2017, petitioner filed a motion for default judgment, arguing that a pleading raising the statute of frauds as a defense was neither an answer to his complaint nor a Rule 12(b) motion which may be filed prior to the filing of an answer. Following an October 3, 2017, hearing, the circuit court dismissed petitioner's action against respondent by order entered October 30, 2017. The circuit court found that respondent's motion sought dismissal of the complaint for a failure to state a claim on which relief may be granted pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. The circuit court further found that, under the Supreme Court's decisions in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), to survive a Rule 12(b)(6) motion to dismiss, the allegations set forth in the complaint must be "plausible." The circuit court determined that petitioner's allegations were not plausible, disagreeing with his contention "that his performance was completed and fully rendered within a year." Instead, the circuit court "view[ed] [petitioner's] relationship with [respondent] as on-going and as needed rendering his status as continuous until favorable completion of the lawsuit [against WVAC.]" Petitioner now appeals the circuit court's October 30, 2017, order dismissing his action against respondent.

Given petitioner's argument that he was entitled to a default judgment, we first address the nature of respondent's motion. "A party is normally permitted to make inconsistent factual allegations in its pleadings." *Arnold Agency v. West Virginia Lottery Comm'n*, 206 W.Va. 583, 595, 526 S.E.2d 814, 826 (1999); *see* Rule 8(e)(2), W.V.R.C.P (providing that "[a] party may set forth two or more statements of a claim or defense alternately or hypothetically"). Here, petitioner acknowledges that respondent's statement that there was "never any type of contract or agreement between [petitioner] and [respondent]" could be construed as a general denial of his allegations, but argues that such a denial is inconsistent with raising the statute of frauds as a defense.[1] However, we find that respondent permissibly presented alternate theories for dismissing petitioner's action and note that "[e]very defense, in law or fact, . . . shall be asserted in the responsive pleading[.]" Rule 12(b), W.V.R.C.P. Therefore, based on our review of the record, we

---

[1]Under Rule 8(c), the statute of frauds constitutes an affirmative defense. *See Blue Ridge Bank, Inc. v. City of Fairmont*, 240 W.Va. 123, __ n.22, 807 S.E.2d 794, 801 n.22 (2017). An affirmative defense "will defeat the plaintiff's . . . claim, *even if all the allegations in the complaint are true.*" Black's Law Dictionary 509 (10th ed. 2014) (Emphasis added.).

construe respondent's motion as both an answer and a motion for judgment on the pleadings.[2] Accordingly, we conclude that petitioner was not entitled to a default judgment.

Second, petitioner argues that the circuit court erred in granting respondent's motion. In *Copley v. Mingo County Board of Education*, 195 W.Va. 480, 484, 466 S.E.2d 139, 143 (1995), we clarified West Virginia law regarding motions for judgment on the pleadings:

> by holding that a circuit court, viewing all the facts in a light most favorable to the nonmoving party, may grant a motion for judgment on the pleadings only if it appears beyond doubt that the nonmoving party can prove no set of facts in support of his or her claim or defense. To the extent that this is inconsistent with our ruling in *Calvert Fire Insurance Co.* [*v. Bauer*, 175 W.Va. 286, 332 S.E.2d 586 (1985)], we hereby overrule that decision.

We note that the "no set of facts" formulation, first announced in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), was disavowed by the Supreme Court of the United States in *Twombly*. 550 U.S. at 563; *Iqbal*, 556 U.S. at 670 (stating that "*Twombly* retired the *Conley* no-set-of-facts test"). However, we have not adopted the "plausibility" standard set forth in *Twombly*. *See Hoover v. Moran*, 222 W.Va. 112, 116 n.3, 662 S.E.2d 711, 715 n.3 (2008); *Highmark West Virginia, Inc. v. Jamie*, 221 W.Va. 487, 491 n.4, 655 S.E.2d 509, 513 n.4 (2007). Accordingly, the *Conley* standard remains the controlling law in West Virginia. *See* Syl. Pt. 2, *Roth v. DeFeliceCare, Inc.*, 226 W.Va. 214, 700 S.E.2d 183 (2010) (setting forth the "no set of facts" formulation for purposes of evaluating motions to dismiss); Syl. Pt. 2, *Burch v. Nedpower Mount Storm, LLC*, 220 W.Va. 443, 647 S.E.2d 879 (2007) (quoting syllabus point three of *Copley* for the standard for evaluating motions for judgment on the pleadings).

In syllabus point three of *Copley*, we held that "[a] circuit court, viewing all the facts in a light most favorable to the nonmoving party, may grant a motion for judgment on the pleadings only if it appears beyond doubt that the nonmoving party can prove no set of facts in support of his or her claim or defense." 195 W.Va. at 482, 466 S.E.2d at 141. Based on our review of the record, we find that the circuit court failed to evaluate respondent's motion for judgment on the pleadings according to this standard. In disagreeing with petitioner's allegation "that his performance was completed and fully rendered within a year,"[3] we find the circuit court erred in not viewing all the facts in a light most favorable to the nonmoving party. *See Brown v. Fluharty*, 231 W.Va. 613, 615, 748 S.E.2d 809, 811 (2013) (stating that, "[i]nasmuch as this case was decided on a motion for judgment on the pleadings, [pursuant to Rule] 12(c), we . . . take the factual allegations contained in the complaint as true"). Therefore, we reverse the circuit court's

---

[2]We assume arguendo that petitioner is correct that the statute of frauds is not among those defenses that Rule 12(b) permits to be raised in a motion to dismiss.

[3]In *Yanero v. Thompson*, 176 W.Va. 257, 259, 342 S.E.2d 224, 226 (1986), we found that "[i]t is only necessary that the contract be capable, by reasonable construction, of full performance by one side within a year in order to remove it from the statute of frauds." *See Thompson v. Stuckey*, 171 W.Va. 483, 486, 300 S.E.2d 295, 298 (1983).

dismissal of petitioner's action and remand this case to the circuit court with directions to evaluate respondent's motion according to the proper standard as set forth in syllabus point three of *Copley*.

Finally, petitioner argues that documents introduced by respondent at the October 3, 2017, hearing were not authenticated as official records from respondent's action against WVAC in the federal district court. At the hearing, the circuit court overruled petitioner's objections and admitted the documents introduced by respondent as part of respondent's effort to establish the duration of the parties' contract. Respondent argues that the circuit court could determine on its own whether the documents were records from respondent's federal court action.

Pursuant to Rules 12(b)(6) and (c), if the court considers matters outside the pleadings, a motion requesting dismissal or judgment on the pleadings is treated as a summary judgment motion under Rule 56. In *Forshey v. Jackson*, 222 W.Va. 743, 747, 671 S.E.2d 748, 752 (2008), we found that such a motion is not converted into a summary judgment motion when a court "consider[s] matters that are susceptible to judicial notice." (Internal quotations and citations omitted.). Rule 201(b)(2) of the West Virginia Rules of Evidence provides that the court may judicially notice facts that are not subject to reasonable dispute because they ". . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Syl. Pt. 11, in part, *Arnold Agency*, 206 W.Va. at 587, 526 S.E.2d at 818 (holding that "a court may take judicial notice of the orders of another court pursuant to [Rule] 201"). Therefore, we conclude that the circuit court may take judicial notice of the records of the federal district court. Rule 201(e) provides: "On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard." Accordingly, we direct that the circuit court provide petitioner an opportunity to be heard if it intends to judicially notice the federal district court's records.

For the foregoing reasons, we reverse the circuit court's October 30, 2017, order dismissing petitioner's action and remand this case with directions that the circuit court (1) consider respondent's motion for judgment on the pleadings under the standard set forth in syllabus point three of *Copley v. Mingo County Board of Education*, 195 W.Va. 480, 466 S.E.2d 139 (1995); and (2) to provide petitioner an opportunity to be heard pursuant to Rule 201(e) of the West Virginia Rules of Evidence if the court intends to take judicial notice of certain records of the federal district court.

Reversed and Remanded with Directions.

**ISSUED**: June 17, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4