**David A. SMITH, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 71-2974

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 3, 1972.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Affirmed.[1]  See Local Rule 21.[2]

---

**Donzel LEMLEY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 15193.

United States Court of Appeals,
Fourth Circuit.

Oct. 19, 1971.

---

Michael Tomasky and Mike Magro, Jr., Morgantown, W. Va., on brief for appellant.

L. Patrick Gray, III, Asst. Atty. Gen., Department of Justice, James P. Klapps, Atty., Department of Justice, and Paul C. Camilletti, U. S. Atty., on brief, for appellee.

Before HAYNSWORTH, Chief Judge, CRAVEN, Circuit Judge, and DUPREE, District Judge.

PER CURIAM:

We have carefully considered the briefs and the record and conclude that oral argument is unnecessary. We affirm on the opinion of the district court. Lemley v. United States, 317 F.Supp. 350 (1970).

Affirmed.

---

**UNITED STATES of America, Appellee,**

v.

**Charles ROSE, a/k/a Curley, Defendant-Appellant.**

No. 497, Docket 71-2040.

United States Court of Appeals,
Second Circuit.

Argued Jan. 28, 1972.

Decided March 8, 1972.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. In these habeas proceedings, the appellant has contended that his conviction was invalid on grounds that: (1) during his trial favorable evidence was suppressed and he was denied his right to compulsory process because he was not allowed to call his co-indictees to testify on his behalf, a procedure which was then proscribed by Art. 711 of the Texas Code of Criminal Procedure and Art. 82 of the Texas Penal Code, and later declared violative of the Constitution in Washington v. Texas, 1967, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019; (2) he was coerced into signing an involuntary confession; and (3) he was denied his right to take a direct appeal by his trial court's failure to appoint an attorney for appellate purposes.

2. See N.L.R.B. v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.