480 S.E.2d 565

**James BURDETTE, Plaintiff Below, Appellant,**

v.

**COLUMBIA GAS TRANSMISSION CORPORATION and Shafer Contracting Company, Defendants Below, Appellees.**

No. 23284.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 24, 1996.

Decided Dec. 6, 1996.

J. Michael Ranson, Cynthia Morrone Salmons, Ranson Law Offices, Charleston, for Appellant.

Mary H. Sanders, Jenny A. Bonham, Huddleston, Bolen, Beatty, Porter & Copen, Charleston, for Appellee Columbia Gas Transmission Corporation.

PER CURIAM:

This action is before this Court[1] upon an appeal from the final order of the Circuit Court of Kanawha County, West Virginia, entered on July 11, 1995. The appellant, James Burdette, an employee of Shafer Contracting Company, was injured while removing trees from a right-of-way owned by the appellee, Columbia Gas Transmission Corporation. Pursuant to the final order, the cir-

1. The Honorable Arthur M. Recht resigned as Justice of the West Virginia Supreme Court of Appeals effective October 15, 1996. The Honorable Gaston Caperton, Governor of the State of West Virginia, appointed him Judge of the First Judicial Circuit on that same date. Pursuant to an administrative order entered by this Court on October 15, 1996, Judge Recht was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing October 15, 1996 and continuing until further order of this Court.

cuit court granted summary judgment for the appellee.

This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. For the reasons stated below, this Court is of the opinion that, although the appellant was a non-employee worker with regard to the appellee, a genuine issue of material fact exists as to whether the appellee was exercising control of the appellant's work at the job site, and, if so, whether the appellee breached the duty of ordinary care concerning the appellant's safety. Accordingly, we reverse the summary judgment and remand this action to the circuit court for further proceedings.

## I

In March 1988, the appellee and Shafer Contracting Company entered into a written contract concerning the installation of underground pipeline on various right-of-way properties owned by the appellee. Pursuant to the contract, Shafer Contracting Company was employed to install the pipeline and to remove the trees and brush from the right-of-way properties. A subsequent addendum to the contract provided that Shafer Contracting Company would perform such work with regard to the appellee's right-of-way at Patterson Fork, near Clendenin, West Virginia. That right-of-way was known as job site X54, well no. 7154. Throughout the contractual relationship between the appellee and Shafer Contracting Company, the appellee provided the material to be installed in the ground, and Shafer Contracting Company provided the tools and equipment necessary to complete the work.

Except for the sharing of skills acquired through experience, the employees of Shafer Contracting Company were largely untrained

in the work of removing trees. The incident in question occurred on November 30, 1992. On that day, the appellant and his co-worker, John R. Mitchell, cut a number of trees at job site X54 and then moved to another area thereof where the trees were "bigger and taller." According to the deposition testimony, one such tree, 20 to 30 feet tall, was cut, and the appellant began trimming its branches. While trimming the fallen tree, the appellant was struck by another tree, 30 to 40 feet tall, cut by Mr. Mitchell. Although the latter tree had been leaning away from the appellant, it was caught in a sudden gust of wind when cut and fell in the appellant's direction. As a result of the accident, the appellant sustained a broken leg and various other injuries.

Frederick J. Ellis, an inspector for the appellee, was present at job site X54 on November 30, 1992, although not in the immediate vicinity of the accident. Ellis, present at the site on a daily basis, was employed by the appellee to assure that Shafer Contracting Company was complying with the March 1988 contract. His duties included observing the digging of trenches and the installation of the pipeline therein and, in addition, making sure that Shafer employees kept trees from falling beyond the limits of the appellee's right-of-way.[2]

In March 1993, the appellant filed a complaint in the Circuit Court of Kanawha County against the appellee and Shafer Contracting Company seeking damages concerning the November 30, 1992, accident. Following extensive discovery, the appellee moved for summary judgment pursuant to Rule 56 of the *West Virginia Rules of Civil Procedure*. In particular, the appellee asserted that it exercised no control of the appellant's work

---

**2.** The deposition of Frederick J. Ellis was taken in January 1994. During the deposition, Ellis testified:

A. They are required to keep all their timbers, say the right-of-way is 50–feet wide, every tree that they fell is supposed to fall back in that right-of-way.

Q. Why?

A. [Because of] property damage, for the environmental reasons. We only have 50 feet of right-of-way to work on. We are to limit our work to this 50 feet.

Q. So if there's a clearing, say, to the left and that falls off the right-of-way, they are still not allowed to cut the tree to fall into that clearing, they have to cut the tree to fall into the right-of-way; is that correct?

A. That's correct.

Q. Even if that might not be the best place to have the tree fall; is that correct?

A. That's correct.

at job site X54 and that, accordingly, the appellant could not, as a matter of law, establish liability. The circuit court conducted a hearing upon that motion in June 1995. As reflected in the final order of July 11, 1995, the circuit court granted summary judgment for the appellee and dismissed the appellee from the action.[3] This appeal followed.

## II

The appellant asserts that a genuine issue of material fact exists as to whether Ellis, the appellee's inspector, exercised control of the appellant's work at the job site. In particular, the appellant emphasizes deposition testimony to the effect that, on various occasions prior to the accident, Ellis gave directions to employees of Shafer Contracting Company concerning the work to be performed. Thus, the appellant contends that the circuit court committed error in granting summary judgment for the appellee.

The appellee, on the other hand, contends that the record demonstrates that Ellis was present at the work site merely to assure that Shafer Contracting Company complied with the March 1988 contract. Beyond that, according to the appellee, Ellis exercised no control of the appellant's work or the work of any other Shafer employee at job site X54. Thus, the appellee cites the case of *Lemley v. United States*, 317 F.Supp. 350 (N.D.W.Va. 1970), *aff'd*, 455 F.2d 522 (4th Cir.1971), for the principle that an owner's reservation of a right to inspect the work for contract compliance does not give rise to a cause of action against the owner by an injured employee of an independent contractor. Moreover, the appellee points out that employees of Shafer

Contracting Company indicated during depositions that they, and not Ellis, determined the manner by which trees were to be cut and cleared from the right-of-way. In particular, the appellee emphasizes the deposition testimony of the appellant that he and his co-worker, John Mitchell, determined the manner for cutting trees on November 30, 1992, and that the appellant would never expect advice in that regard from Ellis.[4]

■ Pursuant to Rule 56, summary judgment is mandated if the record demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Our standards of review concerning summary judgments are well settled. As this Court stated in syllabus point 3 of *Aetna Casualty and Surety Co. v. Federal Insurance Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963): "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *See also* syl. pt. 2, *Rose v. Oneida Coal Co.*, 195 W.Va. 726, 466 S.E.2d 794 (1995); *Payne v. Weston*, 195 W.Va. 502, 506, 466 S.E.2d 161, 165 (1995); syl. pt. 2, *Graham v. Graham*, 195 W.Va. 343, 465 S.E.2d 614 (1995).

■ Moreover, as we observed in syllabus point 2 of *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995):

Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such

---

**3.** It should be noted that, although the appellant's cause of action against the appellee is grounded upon an alleged failure to provide for the appellant's safety, the appellant's cause of action against Shafer Contracting Company is based upon the "deliberate intention" provisions of *W..Va.Code*, 23–4–2 [1991]. Although Shafer Contracting Company has also moved for summary judgment, that motion is pending at the circuit court level. The order of the circuit court of July 11, 1995, however, is final as to the appellee and is, of course, appealable to this Court. Syl. pt. 2, *Durm v. Heck's, Inc.*, 184 W.Va. 562, 401 S.E.2d 908 (1991). *See also* syl. pt. 2, *Gooch v. W.Va. Dept. of Public Safety*, 195 W.Va. 357, 465 S.E.2d 628 (1995); syl. pt. 1, *Sisson v. Seneca Mental Health/Mental Retarda-*

*tion Council*, 185 W.Va. 33, 404 S.E.2d 425 (1991).

**4.** During his deposition of January 31, 1994, the appellant testified:

Q. You would be surprised if Fred [Ellis] told you how to do your job, wouldn't you?
A. Yeah.
Q. You wouldn't notch a tree the way Fred told you to notch it, would you?
A. No, I would have to see, try to guess which way it is going to fall.
Q. You would depend on your own expertise to do that, wouldn't you?
A. Yes.

as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

See also syl. pt. 2, *Pinson v. Canaan Valley Resorts, Inc.,* 196 W.Va. 436, 473 S.E.2d 151 (1996); syl. pt. 2, *Cavender v. Fouty,* 195 W.Va. 94, 464 S.E.2d 736 (1995); *Neary v. Charleston Area Medical Center,* 194 W.Va. 329, 333, 460 S.E.2d 464, 468 (1995). In addition, as this Court stated in syllabus point 1 of *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994): "A circuit court's entry of summary judgment is reviewed *de novo.*" *See also Morton v. Amos–Lee Securities,* 195 W.Va. 691, 696, 466 S.E.2d 542, 547 (1995); *Farley v. Sartin,* 195 W.Va. 671, 673, 466 S.E.2d 522, 524 (1995); *McKenzie v. Cherry River Coal & Coke Co.,* 195 W.Va. 742, 745, 466 S.E.2d 810, 813 (1995).

In *Sanders v. Georgia–Pacific Corp.,* 159 W.Va. 621, 225 S.E.2d 218 (1976), a truck operator working under contract for Georgia–Pacific was injured in a logging accident. The accident involved equipment furnished by Georgia–Pacific and occurred upon its premises. Concluding, in *Sanders,* that the truck operator's personal injury claim against Georgia–Pacific was for a jury to determine, rather than subject to dismissal as a matter of law, this Court held in syllabus point 2: "The owner or occupier of premises owes to an invitee such as a non-employee workman or an independent contractor the duty of providing him with a reasonably safe place in which to work and has the further duty to exercise ordinary care for the safety of such persons." *See also Sesco v. Norfolk and Western Railway Co.,* 189 W.Va. 24, 27, 427 S.E.2d 458, 461 (1993); syl. pt. 6, *Pasquale v. Ohio Power Co.,* 187 W.Va. 292, 418 S.E.2d 738 (1992); *Harris v. Matherly Machinery, Inc.,* 187 W.Va. 234, 237 n. 5, 417 S.E.2d 925, 928 n. 5 (1992); syl. pt. 2, *Blake v. Wendy's International,* 186 W.Va. 593, 413 S.E.2d 414 (1991); *Pack v. Van Meter,* 177 W.Va. 485, 491, 354 S.E.2d 581, 587 (1986).

In the subsequent case of *Henderson v. Meredith Lumber Company,* 190 W.Va. 292, 438 S.E.2d 324 (1993), the rule articulated in syllabus point 2 of *Sanders* was more specifically defined. In *Henderson,* an injured worker sued his employer under the "deliberate intention" provisions of *W. Va.Code,* 23–4–2 [1991]. In addition, the injured worker sued the owner of the premises upon which the injury occurred, alleging that the owner had failed to provide the worker with a safe place in which to work. Nevertheless, confirming, in *Henderson,* that the owner exercised no control with regard to the worker's employment activities, this Court affirmed the lower court's dismissal of the owner from the action.

In *Henderson,* this Court discussed the provisions of *W. Va.Code,* 21–3–1 [1937], which state: "Every employer and every owner of a place of employment, place of public assembly, or a public building, now or hereafter constructed, shall so construct, repair and maintain the same as to render it reasonably safe." Noting that *W. Va.Code,* 21–3–1 [1937], is the expression of a duty "to provide and to maintain the employment place in a reasonably safe condition," 190 W.Va. at 294, 438 S.E.2d at 326, this Court, in *Henderson,* held in syllabus points 2 and 3 as follows:

2. The goal of *W. Va.Code* 21–3–1 [1937] *et seq.* is to assure workers a reasonably safe workplace. The legislature placed such a responsibility on the employer and the owner. The employer's duty is directly related to the employment activity that is controlled by the employer and the owner's duty is limited to providing a reasonably safe workplace, unless the owner continues to exercise control of the place of employment.

3. When the owner of a place of employment provides a reasonably safe workplace and exercises no control thereafter, the owner has complied with the responsibilities imposed under *W. Va.Code* 21–3–1 [1937].

See *Pasquale, supra,* stating that the employer of an independent contractor will be liable to such contractor's employee "if he retains some control or supervision over the work which negligently injures the employee." 187 W.Va. at 305, 418 S.E.2d at 751. *See also Blake, supra,* holding that, in view of a conflict in the evidence, a jury question existed as to whether Wendy's restaurant

exercised control of the work of an electrician who was injured when repairing a lighting system at the restaurant; and *Taylor v. Sears, Roebuck and Co.*, 190 W.Va. 160, 437 S.E.2d 733 (1993), reversing a jury verdict returned against an owner, where the evidence revealed that the equipment involved in a work-related accident upon the owner's premises had been furnished to the injured worker by his immediate employer, and where the owner's control of the work to be performed was "negligible." 190 W. Va. at 163, 437 S.E.2d at 736.

As the law and factual circumstances of the above cases indicate, the focus of our review in this action is upon the question of whether the facts are sufficiently controverted to require a jury to determine whether the appellee was exercising control of the appellant's work at job site X54, and, if so, whether the appellee breached the duty of ordinary care concerning the appellant's safety. Although the March 1988 written contract between the appellee and Shafer Contracting Company contains no dispositive provisions in that regard, the deposition testimony is helpful. That testimony indicates that the appellant is correct in his assertion that, on various occasions prior to the accident, Ellis gave directions to employees of Shafer Contracting Company concerning the work to be performed.

As stated above, Ellis was present at the job site on a daily basis, and, as he indicated during his deposition, his duties included making sure that trees, when cut, did not fall beyond the limits of the appellee's right-of-way. *See* n. 2, *supra.* Although, in so doing, Ellis was no doubt assuring that Shafer Contracting Company was complying with the contract, this Court cannot ignore the testimony of various deponents with regard to the physical description of job site X54 and the potential damage caused by falling trees.

While the record before us is unclear as to the exact width of the right-of-way, the record includes testimony to the effect that it was 50 feet wide and contained some trees 20 to 40 feet tall, or more. In particular, immediately prior to the accident, the appellant and his co-worker, John R. Mitchell, had moved to an area of the right-of-way where the trees were "bigger and taller." Although the appellee argues that Ellis was merely concerned with the periphery of the right-of-way, the width of the right-of-way in relation to the height of any tree therein raises a serious question, in view of Ellis' specific testimony, concerning the exercise of control by Ellis of the work of employees of Shafer Contracting Company. Here, the record contains evidence suggesting that trees, if allowed to fall beyond the right-of-way, could damage the trees or structures of others, thus justifying the concern of Ellis that trees fall within the right-of-way.

In addition, the record contains testimony to the effect that Ellis occasionally directed employees of Shafer Contracting Company to do "clean up" at the job site and occasionally told them where to stack logs, or told them that stacks of logs should be spaced apart in a certain manner to enable wildlife to pass through.

Upon all of the above, this Court is of the opinion that, the appellee's assertion that Ellis was merely to assure contract compliance notwithstanding, a genuine issue of material fact appears in the record as to whether Ellis exercised control of the appellant's work at job site X54. *See Henderson, supra.* The circuit court thus committed error in granting summary judgment for the appellee. Accordingly, the final order of the Circuit Court of Kanawha County, entered on July 11, 1995, is reversed, and this action is remanded to that court for further proceedings.

Reversed and remanded.

RECHT, J., sitting by temporary assignment.

McHUGH, C.J., deeming himself disqualified, did not participate in the decision of this case.