503 S.E.2d 537

**James PAXTON and Sherri Paxton, Plaintiffs Below, Appellants,**

v.

**MUNICIPAL MUTUAL INSURANCE COMPANY, a corporation, Doug Rennie, Mitchell Smith and Smith Insurance Agency, Defendants Below, Appellees.**

No. 24964.

Supreme Court of Appeals of West Virginia.

Submitted June 3, 1998.

Decided June 12, 1998.

---

Cynthia Morrone Salmons, J. Michael Ranson, Leslie R. Stotler, Ranson Law Offices, Charleston, for Appellants.

Timothy R. Ruckman, Callaghan & Ruchman, Summersville, for Appellees.

PER CURIAM:[1]

■ This is an appeal by James Paxton and Sherri Paxton, appellants/plaintiffs below, (hereinafter Paxtons) from an order of the Circuit Court wherein the Paxtons were awarded attorney fees of $3,222.24, in a bad faith claim against their homeowner insurer Municipal Mutual Insurance ( hereinafter MMI), appellee/defendant below.[2] In this appeal the Paxtons contend that they should have been awarded attorney fees in the amount of $13,304.21. MMI cross-appealed alleging that the Paxtons are not entitled to attorney fees.

## I.

### FACTUAL BACKGROUND

On August 18, 1993, a fire destroyed the Paxtons' home.[3] The Paxtons notified MMI of the destruction of their home the day following the fire. MMI instructed the Paxtons to obtain three estimates for the cost of repairing their home. The Paxtons obtained three estimates. All three estimates were rejected by MMI as being excessive.[4] MMI obtained its own estimate and offered to pay the Paxtons that amount.[5] The Paxtons rejected MMI's offer. Thereafter, the Paxtons reported to the state Insurance Commission-

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

2. Other defendants named in the bad faith action were Doug Rennie, Mitchell Smith and Smith Insurance Agency.

3. The home was insured by MMI. The MMI policy ultimately paid out a total of $38,825.00.

4. The estimates obtained were only for structural repairs. The estimates were as follows: $25,-200.00; $26, 475.00; $27,000.00.

5. The estimate obtained by MMI was $17,157.32.

226

er that MMI was engaging in a bad faith settlement. The state Insurance Commissioner advised the Paxtons to retain legal counsel. On October 1, 1993, the Paxtons hired legal counsel. By letter dated October 6, 1993, counsel for the Paxtons wrote MMI demanding the homeowner policy limit or face a lawsuit. On November 29, 1993, MMI paid the policy limits to the Paxtons.

On January 6, 1994, the Paxtons filed the instant bad faith settlement action against MMI. After discovery ended, the parties agreed to engage in mediation to attempt to resolve the action. It appears that the merits of the action were resolved on undisclosed terms through mediation. However, the issue of attorney fees was submitted by the Paxtons to the circuit court in the form of a motion for partial summary judgment. The court heard arguments on the motion on March 1, 1996. The Paxtons argued that they were entitled to attorney fees in the amount of $13,304.21. That amount represented approximately one-third of the homeowner policy limits which the Paxtons received on November 29, 1993. MMI contended that attorney fees were not appropriate. On January 31, 1997 the circuit court granted the Paxtons' motion for partial summary judgment. The circuit court awarded the Paxtons $3,222.24 in attorney fees. Thereafter, the Paxtons filed this appeal with MMI filing a cross-appeal.

## II.

### STANDARD OF REVIEW

■ This Court's standard of review concerning summary judgment is well settled. As this Court stated in syllabus point 3 of *Aetna Casualty and Surety Co. v. Federal Insurance Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963), "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *See also* Syl. pt. 1, *Burdette v. Columbia Gas Transmission Corporation*, 198 W.Va. 356, 480 S.E.2d 565 (1996); Syl. pt. 2, *Rose v. Oneida Coal Co.*, 195 W.Va. 726, 466 S.E.2d 794 (1995). Moreover, we note that, upon appeal, the entry of a summary judgment is reviewed by this Court de novo. Syl. pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

## III.

### DISCUSSION

■ The first issue to be addressed is MMI's argument that attorney fees were not proper in this case. MMI sets forth several reasons for this contention. First, MMI argues that there was no showing that the Paxtons substantially prevailed in the settlement. Second, the settlement occurred less than four months after the date of the loss. Third, there was no showing that without the intervention of Paxtons' counsel a settlement would not have occurred. Fourth, MMI contends it did not wrongfully nor unreasonably withhold payment because the Paxtons failed to initially provide detailed and complete cost estimates. All four arguments raised by MMI are flawed.

This Court has held that "[w]henever a policyholder substantially prevails in a property damage suit against its insurer, the insurer is liable for: (1) the insured's reasonable attorneys' fees in vindicating its claim; (2) the insured's damages for net economic loss caused by the delay in settlement, and damages for aggravation and inconvenience." Syl. pt. 1, *Hayseeds, Inc. v. State Farm Fire & Cas.*, 177 W.Va. 323, 352 S.E.2d 73 (1986). In syllabus point 1 of *Jordan v. National Grange Mut. Ins. Co.*, 183 W.Va. 9, 393 S.E.2d 647 (1990) we held, in part, that "[a]n insured 'substantially prevails' in a property damage action against his or her insurer when the action is settled for an amount equal to or approximating the amount claimed by the insured immediately prior to the commencement of the action ... [and] the insured is entitled to recover reasonable attorney's fees from his or her insurer, as long as the attorney's services were necessary to obtain payment of the insurance proceeds." The Court elaborated in syllabus point 2 of *Thomas v. State Farm Mutual Automobile Insurance Co.*, 181 W.Va. 604, 383 S.E.2d 786 (1989) by holding, in part, that "[w]here the insurance company has offered an amount materially below the dam-

age estimates submitted by the insured, and the jury awards the insured an amount approximating the insured's damage estimates, the insured has substantially prevailed." In syllabus point 3 of *Miller v. Fluharty*, 201 W.Va. 685, 500 S.E.2d 310 (1997) we held:

> An insurance carrier has a duty, once a first-party policyholder has submitted proof of a loss, to promptly conduct a reasonable investigation of the policyholder's loss based upon all available information. On the basis of that investigation, if liability to the policyholder has become reasonably clear, the insurance carrier must make a prompt, fair and equitable settlement offer. If the circuit court finds evidence that the insurance carrier has failed to properly or promptly investigate the policyholder's claim, then the circuit court may consider that evidence in determining whether the policyholder has substantially prevailed in an action to enforce the insurance contract.

*Miller* also noted that "the public policy established in *Hayseeds* and its progeny is to encourage the speedy payment on the policyholder's insurance contract, regardless of when and how the policyholder makes a claim." *Miller*, 201 W.Va. at 696, 500 S.E.2d at 321. In view of the above settled principles of law, MMI's arguments against any award of attorney fees must fail. We therefore affirm that part of the circuit court's order finding attorney fees appropriate.

■ The Paxtons argue that they established their entitlement to attorney fees in the amount of one-third of the policy limits settlement. We observed in *Hayseeds*:

> Presumptively, reasonable attorneys' fees in this type of case are one-third of the face amount of the policy, unless the policy is either extremely small or enormously large. This follows from the contingent nature of most representation of this sort and the fact that the standard contingent fee is 33 percent. But when a claim is for under $20,000 or for over $1,000,000 (to take numbers that are applicable in 1986) the court should then inquire concerning what "reasonable attorneys' fees" are.

*Hayseeds,* 177 W.Va. at 329–330, 352 S.E.2d at 80. The circuit court rejected the guidance provided in *Hayseeds* by holding "that plaintiffs' counsel should not be awarded one-third of the face amount of the policy plus prejudgment interest simply because counsel got involved in the matter." The court's basis for rejecting the *Hayseeds* formula is incorrect. Counsel for the Paxtons did not just "get involved." MMI tendered to the Paxtons an offer of settlement based upon MMI's own estimate. The offer was $17,-157.32. The Paxtons minimum structural repair estimate was $25,200.00. MMI rejected the Paxtons' estimate. Instead, MMI contended until the Paxtons secured counsel, that the Paxtons information was incomplete. As a defense, this argument makes little sense. MMI was eager to have the Paxtons settle their claim for an amount MMI now argues was based on unsound information. In contrast to MMI's position, it is clear that without counsel's intervention MMI would not have increased its payment from $17,-157.32 to the policy limit of $38,825.00. We therefore find the Paxtons are entitled to attorney fees in the amount $13,304.21. That part of the circuit court's order awarding attorney fees in the amount of $3,222.24 is reversed.

### IV.

### CONCLUSION

In view of the foregoing, we affirm that part of the circuit court's order finding the Paxtons are entitled to attorney fees. We reverse that part of the order which awarded the Paxtons $3,222.24. The Paxtons are entitled to attorney fees in the amount of $13,-304.21. Therefore, this case is remanded for entry of an order consistent with this opinion.

Affirmed in part; Reversed in part; Remanded.